## Max Gross v. Eddie Strzyzowski, et al.

### Gen. No. 12,067.

1. INTERPLEADER—*who may appeal from decree in proceeding of.* A garnishment creditor of one of the defendants to a bill of interpleader who is himself a party to the bill, claiming an interest in the fund in question, may appeal from the decree which by reason of being adverse to his debtor is likewise adverse to himself.

2. INTERPLEADER—*when garnishment creditor cannot object to decree in.* In the absence of proof of his judgment and lien upon the interest of his debtor in the fund in controversy, a garnishment creditor who is a party to the interpleader proceedings is not entitled to question the decree upon appeal.

3. INTERPLEADER—*when essential to prove allegations of answer.* Upon a bill of interpleader the real issue is between the defendants; consequently the admission by one of the defendants of the allegations of the bill does not, as to all such allegations, so far as the co-defendants are concerned, dispense with the necessity of proof.

Bill of interpleader. Appeal from the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Affirmed. Opinion filed December 22, 1905; refiled on January 30, 1906, with an amendment on petition for rehearing.

**Statement by the Court.** In October, 1902, the New York Life Insurance Company issued a policy upon the life of Adela Strzyzowski, mother of Eddie Strzyzowski and wife of Bronislaw F. Strzyzowski. The policy was payable in case of the death of the assured to "Bronislaw F. Strzyzowski, husband of the insured, or to such beneficiary as may have been duly designated at the home office of the Company in the city of New York." There was then in force a statute of the State of New York which gave to any member of such corporation "the right at any time with the consent of such corporation or association to make a change in his payee or payees or beneficiary or beneficiaries without requiring the consent of such payee or beneficiaries." The policy in question also contained the provision that no desig-

Gross v. Strzyzowski.

nation or change of beneficiary should "take effect until endorsed on this policy by the Company at the Home Office," and that "changes of mode of payment and revocation of any change must be requested in writing, and shall not take effect until endorsed on this policy by the Company at the Home Office."

The policy remained in the possession of the husband until after the death of the assured. There is evidence tending to show that when the second quarterly payment of premium became due, the husband of the assured refused to pay it and falsely stated that he had destroyed the policy. The payment of premium was finally made by a cousin of the assured at her request; and thereupon application was made in behalf of the assured for the issue of a copy of the policy accompanied with a request by her for a change of beneficiary which should substitute her son Eddie Strzyzowski as beneficiary instead of the husband. The request for such change was made by the assured in due form in writing and was forwarded to the home office of the company; but the latter demanded as a condition of issuing a copy of the policy supposed to have been destroyed, that the husband of the assured should join with her in an affidavit of the destruction of the original. This he refused to do, the fact being that he had not destroyed the original policy as he told her he had, and that it was still in his possession. The request for change signed in due form by the assured stated that the policy had not been assigned, and was accompanied by her affidavit of the destruction of the original policy, which she believed had been destroyed as her husband admits he told her it had. The request and affidavit were placed on file by the insurance company but the change could not be endorsed on the original policy by the company for obvious reasons and no copy of the policy was issued. A subsequent instalment of premium was paid, it is said by the husband, and accepted by the company. The assured Adela Strzyzowski died October 4, 1903.

The insurance company filed its bill of interpleader setting up the facts and stating *inter alia* that the insured had

"made a written request to change the beneficiary in said policy to Eddie Strzyzowski her son, but failed to enclose with said request for change of beneficiary the policy that the change of beneficiary might be noted upon the same."

It appears from the bill of interpleader the company had been garnisheed in the Circuit Court of Cook county at suit of Bronislaw F. Strzyzowski for use of the appellant Max Gross and that the Company was also named as garnishee in an attachment suit by another party against said Bronislaw. Answers were duly filed, that of Bronislaw, the husband of the assured, denying there had been a change of beneficiary in compliance with the laws of New York and claiming the fund for himself. The answer of appellant sets up a judgment against Bronislaw F. Strzyzowski, return of execution unsatisfied and garnishee process against the insurance company, and claims that the attempt to substitute the son as beneficiary in place of the husband was ineffectual and that the latter is entitled to receive the fund in controversy, subject only to appellant's claim. The answer of Eddie Strzyzowski by his guardian *ad litem* claims the fund for said minor son of the assured.

The Superior Court found in favor of the son, that the assured did all in her power to effect a change, but was unable to produce the policy for endorsement, that in equity the change of beneficiary was made and the son is the owner of the fund paid into court by the insurance company; and it is ordered that the fund be paid to the guardian of the minor. From this decree appellant Max Gross alone appeals.

MORAN, MAYER & MEYER, for appellant.

EDWARD P. VAIL, for appellee Eddie Strzyzowski.

MR. JUSTICE FREEMAN delivered the opinion of the court.

The questions presented are raised solely by the answers to the bill of interpleader. It is contended in behalf of appellant that the only question is whether or not a change of beneficiary had taken place at the time of the death of the

assured, that there was no such change and that the fund paid into court as proceeds of the policy belonged to the husband of the assured, Bronislaw F. Strzyzowski, subject to the lien of appellant's judgment and the garnishment proceedings.

There is a motion by appellees' counsel to dismiss the appeal and it is argued that appellant Max Gross has not supported his answer by proper proofs, is not prejudiced by the decree and cannot assign errors upon it. He was, however, made party defendant and filed his answer setting up a judgment and the garnishment proceedings under which he claims an interest in the fund. He is the only one who has perfected an appeal from the decree and filed an appeal bond. He is therefore the only one who can assign errors and that only in his own behalf. The assignments of error must be treated solely as assignments by Max Gross. Norris v. Downing, 196 Ill., 91–94. Inasmuch, however, as he is a party to the suit as an alleged judgment creditor of Bronislaw F. Strzyzowski, claiming a lien upon the latter's interest in the fund, we perceive no reason why appellant is not entitled to appeal from a decree which finds that prior to the death of the assured a change of beneficiary had occurred by which the son of the assured was substituted as beneficiary in place of the husband Bronislaw F. Strzyzowski, and that hence the latter had no right to any part of the fund. If he had no right to the fund then appellant had none under the alleged judgment against the said husband set up in his answer. Appellant's claim depended upon the validity of the claim of his alleged judgment debtor as well as upon the existence of a valid judgment in his own behalf against said Bronislaw F. Strzyzowski. In Gibson et al. v. Goldthwaite, 7th Ala., 281, there was an assignment of a fund to one Gibson who transferred a part of it to one Marsh. A bill of interpleader brought both Gibson and Marsh into court, where it was adjudged that as no right to the fund had been transferred to Gibson, he could pass none to Marsh. All parties prosecuted a writ of error. Marsh who stood in a position similar to that of appellant here

was treated as a proper party entitled to prosecute the writ
of error to the Supreme Court, and the latter affirmed the
decree.

While however entitled to prosecute his appeal, appellant
did not, so far as we can discover, introduce any evidence
whatever at the hearing in the Superior Court tending to
sustain the averments of his answer. We look in vain for
any evidence tending to show that he ever obtained any judg-
ment against Bronislaw F. Strzyzowski or that he has any
claim of any kind, directly or indirectly, to the fund in con-
troversy. While therefore the motion to dismiss the appeal
must be denied, appellant shows no ground appearing in this
record to object to the decree so far as he is concerned, and
he cannot be heard to assign errors for any of the other de-
fendants. Norris v. Downing, *supra*.

The decree of the Superior Court must be affirmed.

*Affirmed.*

A petition for rehearing has been filed in which it is urged,
first, that since the bill in the nature of interpleader filed
by the New York Life Insurance Company contains an al-
legation that suit had been entered against it by Bronislaw
F. Strzyzowski for the use of appellant, in which suit the
insurance company was named as garnishee, such allegation
is to be regarded as stating in legal effect that appellant had
obtained judgment against Bronislaw F. Strzyzowski; and
second, that since appellant himself by his answer admits
that he had recovered such judgment, and that he had com-
menced a garnishment suit against the insurance company
based upon a judgment against Bronislaw F. Strzyzowski,
therefore no proof of that alleged averment of the bill was
required.

As between appellant and the insurance company the aver-
ment referred to as made in the bill may not require proof.
Balchen v. Crawford, 1st Sandford's Chan. Rep., 180; Mor-
rill v. Manhattan L. Ins. Co., 183 Ill., 260–267. The con-
troversy, however, is not between the insurance company
and appellant. It is between the defendants to the bill, ap-
pellant included, who are by the decree required "to inter-

plead and settle the matters in controversy in this suit between themselves." Appellant as a defendant could doubtless admit the allegations of the bill as against himself, but it is not apparent how by admissions in his own favor, he can without proof of the matter so admitted bind other defendants whose interest is antagonistic to his own. The real controversy is between said Bronislaw F. Strzyzowski and appellant on the one side and Eddie Strzyzowski, a minor, on the other. The answer filed by said Bronislaw neither admits nor denies the averment of the bill to the effect that suit has been brought by him for appellant's use against the insurance company as garnishee. The answer filed in behalf of Eddie Strzyzowski contains no such admission. It "neither admits nor denies any and all other allegations" of the bill not specifically admitted or denied, "but requires strict proof thereof." One of the allegations, strict proof of which is thus required, is that garnishment proceedings had been brought by Bronislaw F. Strzyzowski against the insurace company for use of appellant. Without such proof there is nothing in the record tending to sustain the averment of the bill, which appellant claims should be construed as an allegation that he "had obtained a judgment against Bronislaw F. Strzyzowski."

As to the opinion to which appellant now calls our attention, handed down in Freund v. Freund, 218 Ill., 189, since the foregoing opinion in the case at bar was filed, it is evident in view of what we have said, that it has no application in the case before us as the record stands. It may be added that the facts in the case at bar differ materially from those in the Freund case. Bronislaw F. Strzyzowski, the original beneficiary of the policy in controversy, "had refused to surrender the old certificate, so that the insured was unable to deliver it up to the Company when he (she) applied for a new certificate; and in such cases it was held that the assured had done all he (she) could do, and that it would be inequitable to allow a beneficiary to take advantage of his own wrong. No such state of facts existed"

in the Freund case, from the opinion in which we take the foregoing quotation.    (See. 218 Ill., 189, on pages 204–5.)
The petition for rehearing will be denied.