10456

### TAFF v. SMITH.

(103 S. E. 551.)

1. INSURANCE—RIGHTS OF BENEFICIARY VESTS ON ENTRY INTO CONTRACT. —The rights of a beneficiary under a life insurance policy become vested as soon as the insurer and the insured enter into the contract, and are not subject to be divested unless there is a strict compliance with the requirements of the policy in such respect.

2. INSURANCE—INSURER AND INSURED CANNOT WAIVE RIGHTS OF BENEFICIARY.—When a beneficiary is named in a policy, he is as much entitled to rely upon its provisions for the protection of his rights as the insured or the insurer, and neither of them can waive the rights of the benficiary.

3. EQUITY—PERSON MAY NOT BENEFIT FROM OWN WRONG.—No person shall be allowed to reap the benefits arising from his own wrongful acts.

4. EQUITY—THAT TREATED AS DONE WHICH OUGHT TO BE DONE.— Equity regards and treats that as done which in good conscience ought to be done.

5. EQUITY—LOOKS TO INTENT RATHER THAN FORM.—Equity looks to the intent rather than the form.

6. EQUITY—ONE SEEKING EQUITY MUST DO EQUITY.—One who seeks equity must do equity.

7. EQUITY—NO WRONG WITHOUT REMEDY.—Equity will not suffer a wrong without a remedy.

8. INSURANCE — ORIGINAL BENEFICIARY COULD NOT IN EQUITY CLAIM PROCEEDS OF POLICY WHERE CHANGE OF BENEFICIARY WAS PREVENTED BY OWN WRONGFUL ACT.—Where beneficiary under a life insurance policy refused to surrender the policy, which was in her possession, when insured desired to have the beneficiary changed, and the insured gave the insurer written notice of a desire to change the beneficiary, and insurer refused to do so because the change must be indorsed on the policy, the new beneficiary had an equitable right to the proceeds of the policy which would prevail over the first beneficiary's legal title.

Before PEURIFOY, J., Greenville, ——, 1920.    Affirmed.

Action by Mrs. E. A. Taff against Mildred .C. Smith. From verdict for plaintiff, defendant appeals.

*Messrs. Bonham & Price,* for appellant, cite: *Unless right to change beneficiary is reserved it cannot be done:* 25 Cyc. 892; 77 S. C. 302; 49 L. R. A. (Ohio) 737, and note; 87 S. C. 395.

*Messrs. Cothran, Dean & Cothran,* for respondent, cite: *As a general rule right of beneficiary is a vested right:* 77 S. C. 299; 87 S. C. 395.    *But this must yield where insured had right under the policy to change beneficiary but was prevented from so doing by act of the beneficiary in wrongfully refusing to deliver policy itself:* 3 Story Eq. Jur. (14th Ed.), sec. 1741 ; 26 L. R. A. 733; 4 L. R. A. 382; 43 App. Div. 491; 60 N. Y. Sup. 132; 25 N. E. 151 (Ind.) ; 132 N. W. (Ia.) 329; 185 Pac. 1028 (Cal.) ; 89 Atl. 154 (R. I.) ;

104 N. E. 795 (Ind.); 141 N. W. 780 (S. D.) , *Fundamental principles are applicable alike to old line and benefit insurance companies:* 55 S. C. 589; 80 S. C. 892.

June 28, 1920.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The plaintiff sued the defendant and the Life Insurance Company of Virginia for the proceeds of a policy upon the life of S. Edward Taff. The Life Insurance Company paid the money to the clerk of the Court, by agreement of counsel representing the plaintiff and the defendant. Mrs. Taff thought she was entitled to the proceeds of the policy, because her son, S. Edward Taff, had sought to make her the beneficiary of the policy. The defendant, Mrs. Mildred C. Smith, claims that she is entitled to the proceeds of the policy because she was the beneficiary named therein, and because there had been no legal change of the beneficiary.

The following is an agreed statement of the testimony:

"The insured, S. E. Taff, on the 26th day of November, 1912, took out a policy on his life in amount $1,000, with the Virginia Life Insurance Company, naming his wife, the defendant, as beneficiary. In the application and policy the insured reserved the right to change the beneficiary, known as the right of revocation. With reference to the change of beneficiary, the following clause is found in the policy: 'When the right of revocation has been reserved, the insured may at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy, subject to any previous assignment; such change to take effect only upon indorsement of the same on this policy by the company whereupon all rights of the former beneficiary or beneficiaries shall cease.'

"The proof showed that some time in 1913, the insured and his wife separated. The insured going to live with his mother, and the wife with her father. Subsequent to this time the wife obtained a divorce in Georgia, and married one Smith, about a month before the insured died.

"On the 23d day of November, 1914, the insured made a written application to the company to change the beneficiary, of which the following is a copy: 'I named Mildred Taff as beneficiary, and now under the right I reserved in said application I wish to change the beneficiary and make Mrs. E. J. Taff (relationship to insured, if any), mother, the beneficiary, and I do by this writing make said change and substitute, and request that this change be made by the company's indorsement on said policy; the beneficiary clause in said policy in all other respects to remain the same as set out in the said policy.'

"This application was sent to the home office by the agent in Greenville. The company instructed the Greenville office that it would be necessary to have the policy before the change of beneficiary could be made. The insured was unable to present the policy because the beneficiary had the same in her possession and refused to surrender it. The Greenville agent, at the insured's request, wrote the home office to know if the change would not be made without the policy, which the company refused to do."

The jury rendered a verdict in favor of the plaintiff, and the defendant appealed.

His Honor, the presiding Judge, charged the following request of the defendant:

"If you should find from the evidence that the insured had given the policy in question to his wife, who is named as beneficiary, with words indicating that she was to receive the benefits thereof, this would amount in law to a valid assignment, and would be binding upon the assured, and

those making claim under him, and no subsequent act of the insured in attempting to change the beneficiary would invalidate such assignment."

To this charge he added these words:

"So you will determine, Mr. Foreman and gentlemen, whether or not the insured did assign this policy to Mrs. Smith before attempting, if he did attempt, to have the beneficiary changed. If he did assign it to her, then under the terms of this policy we would not have any right to change the beneficiary, because, as I have already said, he could only change the beneficiary subject to any previous assignment."

The verdict of the jury in connection with this charge shows that the defendant did not have the right to the possession of the policy, and, therefore, that her refusal to deliver possession thereof upon demand was a wrongful act on her part.

The plaintiff presented the following request, which was charged:

"Although the clause relating to change of beneficiary required Edward Taff to have the change of beneficiary indorsed upon the policy, in order to effect a change of beneficiaries, I charge you that, if he gave notice to the insurance company of his intention to change the beneficiary, and did all that could reasonably be required of him to procure the policy and send it to the company for such indorsement, but was prevented from doing so by the original beneficiary, Mildred Taff, retaining possession of the policy and refusing upon demand to surrender the same, the change of beneficiaries will be held in equity to have taken place, and the last named beneficiary, Mrs. E. A. Taff, would be entitled to the proceeds of insurance."

The defendant presented the following requests, which were refused:

(1) "I charge you that ordinarily the insured cannot change the beneficiary named in the policy, although right of revocation has been reserved, unless the rule of the company with reference to the change of the beneficiary is strictly complied with; and where such rule requires that the change of the benficiary must be noted on the policy by the company at its home office, no change is effective unless this condition is complied with."

(2) "I charge that in this particular case the rule with reference to the change of beneficiary is made for the protection of the company, and that the company had the right to exercise its judgment and discretion about making the change, although application was properly made by the insured and the policy delivered at its home office."

(3) "That those seeking to recover the proceeds of the policy by reason of an attempt to change the beneficiary by the insured cannot recover, although it be shown that the insured had done all within his power to make the change, except deliver the policy at the home office of the company, if the company still had the right to exercise its judgment and discretion about making such change of beneficiary."

The charging of the plaintiff's request and the refusal to charge those presented by the defendant is assigned as error by the appellant.

The appellant's attorneys rely upon the cases of *Holder v. Insurance Co.,* 77 S. C. 299, 57 S. E. 853, and *Deal v. Deal,* 87 S. C. 395, 69 S. E. 886, Ann. Cas. 1912b, 1142. In the first mentioned of these cases the principle is announced that the rights of the beneficiary become vested as soon as the insurer and the insured enter into the contract, and are not subject to be divested, unless there is strict compliance with the requirements of the policy in this respect. And in the other of these cases the Court uses this language:

"When a beneficiary is named in a policy, he is as much entitled to rely upon its provisions for the protection of his rights as the insurer or the insured. Nor can either of them waive the rights of the benficiary."

These principles are sound, as applied to the facts of those particular cases. But the present case demands the application of other well-settled maxims, among which may be mentioned:

"No person shall be allowed to reap the benefits arising from his own wrongful acts."

"Equity regards and treats that as done which in good conscience ought to be done."

"Equity looks to the intent rather than the form."

"He who seeks equity must do equity."

"Equity will not suffer a wrong without a remedy."

The insurance company was originally made a party defendant, but ceased to be a party upon paying the money into Court, by consent of the plaintiff and defendant. The fund is, therefore, being held by the clerk of the Court as a stakeholder, and no rights are claimed by the defendant.

If the application which the insured sent to the insurance company had been accompained by the policy, the company would not have had the authority to exercise its discretion as to the change of the benefiiary, but would have been bound to indorse the change upon the policy.

The policy, however, was not sent, and the application made by the insured for the change merely clothed Mrs. Taff with the equitable right to the money, while the legal title to it remained in the defendant. The question for determination is whether the equitable or the legal title shall prevail.

The foregoing maxims, which are applicable to this case, show conclusively that the equitable rights of the plaintiff must prevail.

Affirmed.