[Civ. No. 4963. First Appellate District, Division Two.—December 10, 1924.]

## NEW YORK LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. TONY S. ROSE, Appellant; MARY S. ROSE, also Known as MRS. F. S. ROSE, Respondent.

[1] LIFE INSURANCE — RIGHT TO CHANGE BENEFICIARY — PREVENTION OF INDORSEMENT BY ORIGINAL BENEFICIARY—FRAUD.—When the insured under a policy of life insurance reserves the right to change the beneficiary and the indorsement of the insurance company is merely . a ministerial act, the original beneficiary cannot by his own fraud prevent an indorsement of the substitution and then prevail over the one who was attempted to be substituted.

[2] ID.—INABILITY TO MAKE INDORSEMENT—DEFECTIVE CHANGE—POLICIES AFFECTED.—The rule that where the original beneficiary through fraud prevents an indorsement by the insurance company of a change in the beneficiary, or where the insured has done all in his power to effect the change and the indorsement is merely a ministerial act, the original beneficiary cannot urge that the change was not made effective because the indorsement was not made on the policy, applies with like effect to policies issued by fraternal insurance societies and those issued by ordinary life insurance companies.

[3] ID.—RESERVATION OF RIGHT TO CHANGE BENEFICIARY—DUTY TO MAKE INDORSEMENT—CONSTRUCTION OF POLICY.—Where a policy of life insurance expressly reserves to the insured the right at any time to change the beneficiary without the consent of the original beneficiary, and such policy provides that such change must be indorsed on the policy by the insurer and that after such indorsement the change should relate back to the date the insured signed the notice of change "whether the insured be living at the time of such indorsement or not," it is merely a ministerial duty on the part of the insurer to indorse the change.

---

(1) 37 C. J., p. 585, n. 45, 48, p. 586, n. 59 New.   (2) 37 C. J., p. 585, n. 45.   (3) 37 C. J., p. 586, n. 59 New.

1. See 14 R. C. L. 1392.
2. See 19 Cal. Jur. 490.
3. Effect of death of assured before contemplated change of beneficiary is complete, notes, 34 L. R. A. (N. S.) 277; L. R. A. 1915A, 580.

APPEAL from a judgment of the Superior Court of Alameda County.  Lincoln S. Church, Judge.  Affirmed.

The facts are stated in the opinion of the court.

L. Gonsalves and E. E. Gehring for Appellant.

A. A. Rogers and Henry G. Tardy for Respondent.

NOURSE, J.—This is an action in interpleader wherein plaintiff, New York Life Insurance Company, required the two defendants to litigate their respective claims to the proceeds of a certain policy of life insurance issued to Joe L. Rose.  The insurance company deposited the proceeds of the policy, less certain expenses, and was discharged.  The trial was had upon the cross-complaint of Mary S. Rose and the answer thereto filed by Tony S. Rose.  Judgment went to Mary S. Rose, from which Tony S. Rose appeals under the provisions of section 953a of the Code of Civil Procedure.

The facts of the case as found by the trial court are that on July 8, 1919, the insurance company issued its policy of insurance upon the life of Joe L. Rose in the sum of two thousand dollars.  His mother, Mary S. Rose, and her husband were named the beneficiaries.  On October 17, 1921, the insured requested the insurer to substitute Tony S. Rose, an uncle of the insured, as sole beneficiary and the change was duly indorsed upon the policy by the insurer.  The policy so indorsed was then delivered by the insured to the new beneficiary, who kept it in his possession.  Thereafter, and on December 20, 1922, the insured desired to substitute his mother as sole beneficiary, and from that date until February 3, 1923, made frequent demands upon his uncle for the surrender of the policy.  To these demands the uncle replied that the policy was lost, that he did not have it in his possession and did not know where it was; that all these statements were false and untrue; that the uncle "kept and concealed said policy of insurance for the purpose of endeavoring to prevent said insured, Joe L. Rose, from designating Mary S. Rose . . . as beneficiary thereunder and for the purpose of securing the proceeds of said policy of insurance for himself, and that he so kept and concealed said policy of insurance until after the death of said insured."  On February 3, 1923, the insured signed a written request

for a change of beneficiary to Mary S. Rose and mailed this
to the insurer, together with his affidavit showing the loss
of the policy through his uncle's refusal to make delivery
thereof.   These documents were received by the insurer after
the death of the insured, but the company did not indorse
the change of beneficiary on the face of the policy as re-
quired by its rules because the insurer was unable to deliver
the policy for that purpose.   The court found that the in-
sured complied with all the rules of the company for the
purpose of making the substitution to the extent to which he
had the power to comply.   He also found that after these
proceedings were commenced Tony S. Rose surrendered the
original policy to the insurer and demanded the full amount
due thereunder.

The outstanding fact in these findings, the truth of which
is not controverted, is that the appellant, through fraud and
deceit, prevented the insured from making a complete sub-
stitution of the beneficiary and concealed the policy in order
to secure the proceeds for himself.   On these facts the trial
court held that equity foreclosed the appellant from as-
serting any claim to the proceeds of the policy.

In the argument on appeal the appellant insists that we
should follow the rule of *Freund* v. *Freund*, 218 Ill. 189
[109 Am. St. Rep. 283, 75 N. E. 925], where the supreme
court of Illinois in a similar case held that, as the insurance
policy provided that no change of beneficiary should be
effective until indorsed on the policy at the company's home
office, an attempt to make such a change by written notice
mailed before the death of the insured but received by the
company after the death did not confer any rights upon the
new beneficiary.   The case was decided in 1905, and involved
an interpretation of a policy which did not give to the in-
sured the absolute right to change the beneficiary, but re-
quired the consent of the company before a change should
become effective.   The rule of the decision is really based
on this distinction, the court holding that the policy was a
contract between the insured and the company in which both
agreed that a substitution could be effected only in the man-
ner specified.   [1]   However, the court expressly recognized
the rule of those cases which holds that when the insured
reserves the right to change the beneficiary and the indorse-
ment of the company is merely a ministerial act, the origi-
nal beneficiary cannot by his own fraud prevent an indorse-

ment of the substitution and then prevail over the one who was attempted to be substituted. The respondent concedes that the general rule is as stated in the Illinois case, but she relies upon the well-recognized exception to this rule that where the original beneficiary through fraud prevents an indorsement by the company of a change in the beneficiary, or where the insured has done all in his power to effect the change and the indorsement is merely a ministerial act, the old beneficiary cannot urge that the change was not effective because the indorsement was not made on the policy.

The proposition for which the respondent contends is supported by authorities in this state and by the great weight of authority in other jurisdictions. The leading case in this state is *Jory* v. *Supreme Council American Legion of Honor,* 105 Cal. 20 [45 Am. St. Rep. 17, 25 L. R. A. 733, 38 Pac. 524]. In that case the original beneficiary had possession of the insurance policy and refused to deliver it to the insured and kept it concealed in order to prevent the insured from substituting a new beneficiary. As in our case, the insured had taken all reasonable means to effect the change but the insurer had refused to indorse the change without presentation of the policy. The supreme court held that the exception to the rule heretofore noted (pp. 26, 27) "is builded upon the principle that equity does not demand impossible things, and will consider that done which ought to have been done; and is embraced within the proposition that when the insured complies with all the requirements of the rules for the purpose of making the substitution of beneficiaries, with which he has the power to comply, he has done all that the court of equity demands." (Citing cases.) Again, in the same case the court said (p. 27): "But there is another well settled principle of equity equally fatal to appellant's claim. No person can take advantage of his own wrong . . . if a fraud of her own (the original beneficiary) practicing prevented a legal substitution of beneficiaries, then as against her an equitable substitution will be held to have taken place."

This rule has been followed by the courts of so many jurisdictions that it has become an accepted principle. (See *Supreme Conclave etc.* v. *Cappella,* 41 Fed. 1, 7; *Rollins* v. *McHatton,* 16 Colo. 203 [25 Am. St. Rep. 260, 27 Pac. 254, 255]; *Marsh* v. *Supreme Council American Legion of Honor,* 149 Mass. 512 [4 L. R. A. 382, 21 N. E. 1070, 1072]; *Taff*

*v. Smith,* 114 S. C. 306 [103 S. E. 551, 553]; *John Hancock Mutual Life Ins. Co.* v. *Bedford,* 36 R. I. 116 [89 Atl. 154, 155]; *Polish Nat. Alliance of the United States* v. *Nagrabski,* 71 N. J. Eq. 621 [64 Atl. 471, 473]; *Holden* v. *Modern Brotherhood of America,* 151 Ga. 673 [132 N. E. 329, 332]; *Gross* v. *Strzyzowski,* 124 Ill. App. 300.)   In the latter case the opinion was written at about the same time that *Freund* v. *Freund* was written by the Illinois supreme court.   A petition for rehearing was filed in the Gross case based on the opinion in the Freund case.   In denying the petition the appellate court drew the distinction between a case of mere failure to comply with the company's rules in changing the beneficiary and a case where the change was prevented by the fraud of the beneficiary.

[2]  Appellant argues that the rule of *Jory* v. *Supreme Council, etc.,* and similar cases should be confined to policies issued by fraternal insurance societies, while the rule of the Freund case should govern policies issued by ordinary life insurance companies.   There is really no distinction in this respect between the two kinds of policies as now issued. (*Love* v. *Clune,* 24 Colo. 237 [50 Pac. 34].)   The cases upon which appellant relies involved policies of ordinary life insurance companies in which the insured had not reserved the right to change the beneficiary, but where this right is reserved the equitable principles which we have discussed apply with like effect to both classes of policies.

[3]  The policy under consideration in our case expressly reserved to the insured the right *at any time* to change the beneficiary without the consent of the original beneficiary. It provided that such change must be indorsed *on the policy* by the insurer and that after such indorsement the change should relate back to the date the insured signed the notice of change *"whether the insured be living at the time of such indorsement or not."*   It was, therefore, merely a ministerial duty on the part of the insurer to indorse the change.   (*Mutual Life Ins. Co.* v. *Lowther,* 22 Colo. App. 622 [126 Pac. 882, 885]; *Quist* v. *Western & Southern Life Ins. Co.,* 219 Mich. 406 [189 N. W. 49, 51].)   This would become effective as of February 3, 1923, prior to the death of the insured. If we should reverse the case the respondent would still have the right to enforce this indorsement, and in that event she would become the sole beneficiary as of February 3, 1923.

Thus a reversal would have no other effect than to cause useless and unnecessary litigation, which must result in a judgment for the respondent such as we now have on this appeal.

Judgment affirmed.

Langdon, P J., and Sturtevant, J., concurred.