NOBLE v. ANDREA

(139 S. E., 403)

ARMY AND NAVY INSURANCE—ORIGINAL BENEFICIARY HELD ENTITLED TO ACCOUNTING AGAINST CREDITOR COLLECTING WAR RISK POLICY AFTER FAILURE TO CHANGE BENEFICIARY IN ACCORDANCE WITH REQUEST.—Where insured in war risk policy made his mother beneficiary thereof, and subsequently changed beneficiary as security for payment of debt, and requested creditor after payment of debt to change policy so as to substitute original beneficiary in his place, which creditor failed and refused to do, the mother, as *cestui que* trust of a trust *ex maleficio*, was entitled to an accounting from creditor for the proceeds of insurance collected by him after insured's death.

Before JOHNSON, J., Greenville, April, 1926. Affirmed.

Action by Sallie Elizabeth Noble against C. W. Andrea. From an order overruling a demurrer interposed by defendant, defendant appeals.

*Mr. E. M. Blythe,* for appellant, cites: *A promise to do something in the future cannot be made the basis of a charge of fraud:* 12 R. C. L., 254; 124 S. C., 15. *Exception to rule:* 58 S. C., 56; 78 S. C., 486. *Cases distin-*

*guished:* 114 S. C., 306. *Every action must be prosecuted by the real party in interest:* Sec. 354, Code. *Where it appears on the face of the complaint that there is a defect of parties, the complaint is demurrable:* 109 S. C., 233; 62 S. C., 426; 118 S. C., 78.

*Messrs. Dean, Cothran & Wyche* for respondent.

September 16, 1927.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an appeal from an order of his Honor, Judge Johnson, overruling a demurrer interposed by the defendant to the plaintiff's complaint upon two grounds, with specifications: That the complaint does not state facts sufficient to constitute a cause of action, and that the plaintiff, under the circumstances stated, has not legal capacity to sue.

The complaint very fully and clearly states the plaintiff's alleged cause of action, as follows:

"The Complaint

"The complaint of the above-named plaintiff respectfully shows:

"(1) That both plaintiff and defendant are residents of the State and County aforesaid.

"(2) That the plaintiff was the mother of Lawrence L. Noble, who was regularly enlisted as a soldier in the United States army during the late World War, and was on July 1, 1918, stationed at Camp Jackson, near Columbia.

"(3) That on July 1, 1918, the said Lawrence L. Noble applied for insurance through the United States government, and the application therefor was duly signed by him and witnessed by his commanding officer. That the application was accepted as of date of issue, and insurance upon

the life of Lawrence L. Noble, in the sum of $5,000.00, became effective as of July 1, 1918.

"(4) That the plaintiff herein, as the mother of the insured, was made the beneficiary of said policy.

"(5) That thereafter the said Lawrence L. Noble became indebted to the defendant herein in certain amounts of money borrowed from him, and in order to secure the payment thereof did pledge with the defendant the said policy of insurance, and did on April 15, 1924, sign an application for a change of the beneficiary in said policy, thereby making the defendant the new beneficiary.

"(6) That soon thereafter the said Lawrence L. Noble paid the defendant in full all of the money due him and requested the defendant, because of the illness of the said insured, to send the policy of insurance to the government and have the beneficiary again changed, so that the plaintiff herein, the original beneficiary, should be made the beneficiary in the place and stead of the defendant. That the defendant promised faithfully to carry out the instructions of the said Lawrence L. Noble as to change of beneficiary. That owing to a very serious illness, from which he later died, the said Lawrence L. Noble was not able to attend to any business and relied with great confidence upon the integrity, honesty, and fair dealing of the defendant, who was his nephew and close friend.

"(7) That the defendant failed and refused to send in the policy for the purpose of having the beneficiary changed, as he was requested and instructed to do, but, on the contrary, kept the said policy secretly until after the death of said Lawrence L. Noble and then presented same to the proper authorities in the City of Washington and collected the entire amount due thereon.

"(8) That the defendant has refused upon demand to pay the amount collected by him on said policy, or any portion thereof, to the plaintiff herein, although the plain-

tiff is entitled to the whole amount both in law and in equity.

"(9) That the conduct of the defendant in the particulars above set forth was a fraud upon the rights of the plaintiff herein, and that by said fraudulent conduct, as above set forth, the defendant has collected and kept the proceeds of said policy of insurance which belonged to the plaintiff herein, as above stated.

"Wherefore, the plaintiff demands judgment against the defendant for the sum of $5,000.00 and the costs of this action."

The defendant interposed the following demurrer:

"That the defendant demurs to the complaint herein filed upon the following grounds:

"(1) That the complaint does not state facts sufficient to constitute a cause of action, in that:

"(a) There is no allegation of a false or fraudulent statement of a present or past fact as a basis of an allegation of fraud, the only allegation being of a promise to do something in the future, and such promise is not actionable.

"(b) The allegation of a promise by defendant to the deceased to change the name of the beneficiary of the policy cannot be made the basis of a charge of fraud, since one beneficiary has no power to change the beneficiary in a policy; that can only be done by the insured.

"(c) Because plaintiff is not the beneficiary of the policy and has no rights thereunder; and even if a representation was made by defendant amounting to actionable fraud, such action would inure to the intestate's estate only and can only be maintained by his personal representative.

"(2) That the plaintiff has not the legal capacity to sue:

"(a) Plaintiff, not being a beneficiary under the policy, has no rights thereunder; even if representations were made by defendant amounting to actionable fraud, such action would inure only to the intestate's estate, and can be main-

tained only by his personal representative for the benefit of the heirs at law of his estate.

"(b) Even if such action could be maintained by the heirs at law of the intestate, there is no allegation to show who are such heirs at law or that plaintiff is the sole heir at law.

"(c) The allegations of the complaint affirmatively show that plaintiff individually has no cause of action against the defendant; if any cause of action exists, it is in favor of the personal representatives of the deceased or his heirs at law, and the complaint shows upon its face that it is brought by neither."

The order of his Honor, the Circuit Judge, is a formal one overruling the demurrer, and from it the defendant has appealed raising the same questions as in the demurrer.

We think that the case of *Taff v. Smith,* 114 S. C., 306; 103 S. E., 551, is conclusive of the right of the plaintiff upon the admitted facts, as the *cestui que* trust of a trust *ex maleficio,* to an accounting from the defendant for the proceeds of the insurance collected by him.

The appellant seeks to distinguish that case from the present one upon the ground that it does not appear in this case, as it did in that, that the insured reserved the right to change the beneficiary. This objection does not come with good grace from the defendant who claimed the fund under a change of beneficiaries. Besides in Section 512 of the Act of Congress (38 USCA; U. S. Comp. St., § 9127½—301) relating to insurance granted to veterans of the World War, it is provided:

"Subject to regulations, the insured shall at all times have the right to change the beneficiary or beneficiaries, * * * but only within the classes herein provided."

What those "regulations" are we are not advised, but it may be assumed that if the government was willing to change the beneficiary, in this case, from the mother of the soldier to a creditor, who was to hold the policy as security

for a debt, the regulations would not prevent the government from changing the beneficiary back to the mother, upon the payment of the debt, or to justify it in declining to do so.

It may be assumed then that if the defendant had done what he promised to do, and which he was in duty bound to do (return the policy to the insured in order that the change to the mother might be made), the change would have been made; which brings the case within the principle announced in the *Taff case.*

The defendant hardly commends himself to the consideration of the Court by admitting (as he does by his demurrer) the facts showing the commission of a despicable fraud upon the insured and his mother, and claiming that he is accountable for his fraud to the administrator of the insured, and not to the mother. He will be amply protected by this decision from an action by the administrator.

The judgment of this Court is that the order appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concurs in result.