[Civ. No. 1500. Fourth Appellate District.—December 4, 1934.]

AETNA LIFE INSURANCE COMPANY (a Corporation), Plaintiff, v. ORA E. WOOD, Defendant and Appellant; ENID R. QUINN, Defendant and Respondent.

D. T. Gardner and James H. Boyer for Appellant.

P. N. McCloskey for Respondent.

BARNARD, P. J.—This is an action in interpleader begun by the plaintiff to determine who is entitled to the proceeds of a life insurance policy issued by the plaintiff upon the life of James R. L. Quinn, now deceased. The decedent and the appellant were married in 1912. The policy in question, dated July 2, 1914, named the appellant as sole beneficiary and contained a provision to the effect that the beneficiary could be changed at any time upon a request signed by the insured alone, provided the policy had not then been assigned by him. Quinn obtained a divorce from the appellant, the final decree being entered on January 2, 1925. In that proceeding the court found that "There is no community property and no children." On January 5, 1925, Quinn married the respondent, who remained his wife until his death on December 19, 1929. The deceased was in ill health for some time before his death and although no premiums were paid from and after the year 1927, the insurance policy remained in force under an extension provision contained therein.

The plaintiff paid the sum of $2,155 into court to abide the result of the action. This was the amount of the policy, $2,500, less the principal and interest of a loan for $300 upon the policy made by the plaintiff to the deceased. By appropriate pleadings the appellant and the respondent each claimed the amount deposited in court. Among other things, the respondent alleged that during the pendency of the divorce proceedings between the deceased and the appellant, the parties thereto had entered into an oral agreement of property settlement wherein and whereby it was agreed that the deceased should obtain from the plaintiff insurance company a loan on the policy here in question, together with a loan on another policy previously issued by the plaintiff to the deceased, and should pay the amount thus borrowed to the appellant, who agreed to transfer, waive and release all of her right, title and interest in both of these insurance policies; that thereafter the deceased borrowed on these two policies and paid the whole proceeds of said loans to the appellant; and that immediately after this subsequent marriage Quinn assigned, transferred, conveyed and delivered the policy here in question to the respondent and

she has ever since been and now is in possession thereof, the lawful holder and owner of the same and entitled to the proceeds thereof. The court found in all respects in favor of the respondent and from the judgment entered this appeal is taken.

It is appellant's contention that she is the sole beneficiary named in the policy, that no formal or other change of beneficiary has taken place, and that the findings to the contrary are not supported by the evidence.

■ First considering the evidence in support of the findings to the effect that the appellant had transferred, waived and released to the deceased all of her right, title and interest in the policy in question. The attorney who represented the deceased in his divorce proceeding against the appellant testified that while that proceeding was pending he was asked to be a witness to a conversation between the deceased and the appellant; that the conversation concerned a property settlement between the two; that he understood from the conversation that the deceased owed the appellant some money and that the deceased stated that he was borrowing some money on two policies in the Aetna Life Insurance Company to settle with the appellant; that according to his memory the sum to be thus borrowed and paid to the appellant was some $600; that the appellant stated that she wanted her money and did not care anything about the policy; that both he and the deceased told the appellant that she was relinquishing all of her right or interest in or to any of the policies; and that she replied that it was all right if she got her money. It also appears from the evidence that the deceased, while the divorce action was pending, borrowed about $600 from the plaintiff insurance company upon these two policies, that the appellant permitted a default decree of divorce to be entered against her and that the court found in that proceeding that there was no community property of the parties. While the appellant testified that she had never received the money borrowed on the policies, she also denied that she was present at the meeting described by the attorney and denied that any such conversation as that testified to by him had taken place. ■ While a conflict in the evidence appears, the court was at liberty to disbelieve the appellant on the matter of the meeting and conversation and, disbelieving

her in this, to refuse to accept her testimony that she had not received the money. We think the evidence, with the reasonable inferences therefrom, is sufficient to sustain the court's findings with reference to a transfer and waiver of her interest in the policy by the appellant, in favor of the deceased.

With respect to the transfer of the deceased's interest in the policy to the respondent and the attempt to have her substituted as sole beneficiary therein, the uncontradicted evidence is that immediately after their marriage the deceased handed the two policies to the respondent and told her they were her property and were to be kept by her in a safe place. Shortly thereafter she allowed her husband to send the policies to the company for the purpose of having the change of beneficiary noted thereon. She typed a letter to the plaintiff insurance company; which was dictated by her husband, in which, after stating that he had been divorced from the appellant, that he had married. the respondent, and that the insurance policies had become his sole property under a property settlement made out of court, he requested that the respondent be substituted as beneficiary in the policies. The plaintiff substituted the respondent as beneficiary in the other policy, which is not involved here, but wrote a letter to the deceased stating that under the terms of the policy here in question the beneficiary could be changed only if the policy had not then been assigned and that, since the policy had been assigned to the company as security for a loan, it would be necessary to secure the consent of the former beneficiary or pay up the loan before the beneficiary could be changed. The deceased made an effort to pay off the loan but was unable to do so. The insurance company returned the policy to the deceased and he handed it to the respondent and told her to keep it, also telling her that he believed the company would pay her in the event of his death since they had changed the beneficiary in the other policy and had his letter requesting a change in this one.

The policy here in question provided that the beneficiary might be changed at any time on the return of the policy with a request for such a change signed by the insured only, provided that the policy had not been assigned by the insured. While the policy had been assigned to the

insurance company as security for a loan, the insurance company offered to make the requested change in beneficiaries if the consent of the original beneficiary was secured. This was obviously impossible under the circumstances and, in effect, the insurance company waived the provision concerning the assignment by demanding something not required by the policy. ■ In any event, the insurance company has waived any interest in the matter by tendering the amount due under the policy into court. The deceased did all that he could reasonably be expected to do in attempting to change the beneficiary and, we think, the circumstances show such an equitable change in beneficiary, under the authorities, as supports the court's findings (*Jory* v. *Supreme Council,* 105 Cal. 20 [38 Pac. 524, 45 Am. St. Rep. 17, 26 L. R. A. 733]; *New York Life Ins. Co.* v. *Rose,* 70 Cal. App. 175 [233 Pac. 343]; *Johnston* v. *Kearns,* 107 Cal. App. 557 [290 Pac. 640]).

In *White* v. *White,* 194 N. Y. Supp. 114, the court said:

"Many cases bearing on the question here involved are cited, and from an examination of them it will appear that, while a change of beneficiaries must be made under certain formalities for the protection of the insurer, yet, in cases where the company has waived defending by interpleading, and has paid the money into court, and has no further interest in the litigation between the parties, a far more liberal rule obtains, and that courts of equity seek to do that which the insured apparently intended to have done, and to award the fund to that claimant who had the strongest claim therefor under the existing conditions." ₀

■ While it is argued that the appellant had a beneficial interest in this policy because of money loaned by her to her husband, this contention is neither proper under the pleadings nor supported by the evidence. The appellant testified that she loaned her husband certain money and that he took out another policy which is not here involved to reimburse her for the money loaned.

The judgment is affirmed.

Marks, J., and Jennings, J., concurred.