15169

### YORK v. SUMNER
(11 S. E. (2d), 864)

February, 1940.

*Mr. Leon W. Harris,* for appellant,

*Mr. J. Robt. Martin, Jr.,* for respondent,

November 28, 1940.

The opinion of the Court was delivered by MR. JUSTICE BAKER.

On May 17, 1938, North American Accidental Insurance Company issued its policy or contract of insurance to one H. B. Boling, whereby it agreed that it would pay to the beneficiary named therein the sum of One Thousand ($1,-000.00) Dollars if while the said policy or contract was in force Mr. Boling should die as the result of an accident. Such contingency occurred on July 31, 1938.

There is no lissue as to the liability of the insurance company. It stands ready and willing to pay over the amount involved to whomsoever the Court giveth it.

The controversy before the Court arises out of the following facts:

When the policy was issued and by direction of the insured the beneficiary named therein was the estate of the insured. The policy contained the following pertinent provisions:

"4. No assignment of this policy or change of Beneficiary shall be valid unless approved by an executive officer of the company and an endorsement shall be made hereon as provided by Standard Provision No. 2."

"2. No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid unless approved by an executive officer of the company and such approval be endorsed hereon."

The insured, a bachelor, was a retired locomotive engineer residing at Greenville S. C., but often visited his sister, the appellant, at her home in Homer, Georgia. While there on a visit shortly after the issuance to him of the subject policy of insurance, that is, during the latter portion of May, or the first of June, 1938, the insured expressed the intention of changing the beneficiary in the policy so as to make it payable to appellant. He had the policy with him and inquired of Colonel J. B. G. Logan, a practicing attorney of the State of Georgia, who resided next door to appellant, the method he should pursue to effect the change of beneficiary. He was informed by Mr. Logan that "if he wanted to change the insurance policy he would have to go to the insurance agency and they would have the change made for him and instead of the estate, which will be struck out, Mrs. York's name will appear there." The insured was apparently accompanied on this trip to Georgia by a Mr. J. D. Rodgers, also a resident of Greenville, S. C. After having consulted Colonel Logan, the insured had Mr. Rodgers insert in the policy the name of appellant as the beneficiary, and the relationship, "sister". The insured and Mr. Rodgers returned to Greenville, S. C., and Mr. Rodgers talked to him on more than one occasion about having the beneficiary changed by taking the matter up with the insurance company, and would receive the reply that "he had just neg-

lected it but had to attend to it". Incidentally, Mr. Rodgers had also informed Mr. Boling, the insured, "that he would have to take it back to the insurance company and have a new policy made" in order to effect a change of beneficiary from his estate to appellant.

There is also testimony that two rooms and a bathroom had been added to appellant's residence at the expense of the insured, and that he intended moving his place of residence to Homer, Georgia, and occupying this addition; also that he was contributing to the expenses of a daughter of appellant who was attending a school at Dahlonega, Georgia.

The insurance company had no knowledge whatsoever that the insured had in contemplation any change in the beneficiary, although an agent of the insurance company resided in Greenville, in fact, this agent, Mr. D. L. Waldrop, was the one who took Mr. Boling's application for the policy, the proceeds of which are now at issue.

The appellant (plaintiff below) instituted her action on the law side of the Court for the proceeds of the policy, and hence must show that a change of beneficiary was accomplished by the "contract method". This she has failed to do, and on the contrary has affirmatively established that there was not even a gesture to comply with the method provided by the contract for a change of the beneficiary, although the insured was informed thereabout.

But if we treat the action as one in equity, the appellant cannot prevail. In writing the opinion of the Court in *Wilkie v. Philadelphia Life Ins. Co.,* 187 S. C., 382, 197 S. E., 375, 381, the late Mr. Chief Justice Stabler quoted with approval from 37 C. J., 585, the following: " 'On the principle that equity regards as done that which ought to be done, the Courts will give effect to the intention of the insured by holding that the change of beneficiary has been accomplished where he has done all that he could to comply with the provisions of the policy, as where he sent a proper written notice or request to the

home office of the company but was unable to send the policy by reason of circumstances beyond his control, and where it has been lost, or was in the possession of another person who refused to surrender it, or was otherwise inaccessible.' " See *Taff v. Smith,* 114 S. C., 306, 103 S. E., 551.

In the case at bar, the insured, after having Mr. Rodgers insert his sister's name and relationship, did not deliver the policy to her, but kept it in his possession. He knew that the insertions which he directed Mr. Rodgers to make and which were made did not in fact make her the beneficiary. He knew how such could be accomplished, and yet with the matter being brought to his attention from time to time over a period of approximately two months, he made no effort to have the beneficiary changed; and during this time was under no disability. Under these circumstances, and when the insured also had a living brother, although he had stated while in Georgia that if he should be killed accidentally appellant would get One Thousand ($1,000.00) Dollars, we cannot say that it was his intention to make her the exclusive beneficiary of the policy and that he had done all that he could to comply with the provisions of the policy. If we are to enter into the realm of speculation, we must reach the conclusion that the insured was still debating in his mind until the time of his death if he should or would make the change of beneficiary effectual.

The order of the trial Judge is affirmed.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER, FISHBURNE and STUKES concur.