[Civ. No. 21066.    First Dist., Div. Three.    Oct. 25, 1963.]

BARNEY R. P. SAUNDERS, a Minor, etc., Cross-complainant and Appellant, v. BECKY JANE STEVERS, a Minor, etc., Cross-complainant and Respondent.

540

Kenneth Eymann for Cross-complainant and Appellant.

Dal Poggetto & Chown and Norman R. Chown for Cross-complainant and Respondent.

SALSMAN, J.—This is an appeal from a judgment and from an order denying a motion for a new trial. The judgment was in favor of Becky Jane Stevers and against Barney R. P. Saunders in an interpleader action brought by the Union Central Life Insurance Company to determine the beneficiaries entitled to the proceeds of two life insurance policies issued by the company on the life of Nancy Saunders. Since the order denying appellant's motion for a new trial is not appealable (*Rodriguez* v. *Barnett*, 52 Cal.2d 154 [338 P.2d 907]) that portion of the appeal will be dismissed.

The case was submitted to the trial court on an agreed statement of facts. ■ The facts were that Union Central Life Insurance Company issued two policies of insurance on the life of Nancy Bardosy, formerly Nancy Saunders. Each policy was in the amount of $5,000. At the time the policies were issued Nancy was married to Cecil Saunders, but he is not a party to this action and has in fact disclaimed any interest in the policies. Nancy first designated respondent Becky Jane Stevers, her daughter by a prior marriage, and appellant Barney Saunders, her son by her marriage to Cecil Saunders, as beneficiaries of each policy. Nancy and Cecil Saunders were divorced and Nancy thereafter married Al Bardosy. After Nancy's marriage to Bardosy she wrote the insurance company a letter stating: "I have remarried and wish to have my policies mailed to the above address. Also, I wish to have both my policies to read Becky Jane Stevers as beneficiary—Sincerely Nancy J. Bardosy P.S. I am removing my son Barney Robert Pearson Saunders he having been well provided for by his father." The insurance company returned its forms for change of beneficiary to Nancy and these were at least partially executed when they

were inadvertently destroyed. On October 9, 1959, Nancy wrote to the company and again requested forms. The company replied on October 30, 1959, and enclosed a second set of forms for Nancy's execution. On November 4, 1959 Nancy executed a new will. It contained this paragraph: "SIXTH: I give and bequeath to my son BARNEY ROBERT PEARSON SAUNDERS the sum of one dollar ($1.00) only feeling and knowing that he can and will be well provided for by his natural father."

Nancy died on December 1, 1959. At the time of her death she had not returned the second set of change of beneficiary forms to the company.

Nancy's policies of insurance contained the following provision relating to change of beneficiary: "A1. CHANGE OF BENEFICIARY. The insured shall have the right at any time, and from time to time, to change the beneficiary, by written notice in form acceptable to the Company, which will be furnished on request."

The sole question presented on appeal is whether the acts of Nancy effected a change of beneficiary under California law. We are of the opinion that Nancy's acts were sufficient to effect such a change and that the judgment must be affirmed.

■ As a general rule an insured has no absolute right to change the beneficiary of his life insurance policy. (*Mutual Benefit Life Ins. Co.* v. *Clark*, 81 Cal.App. 546, 555 [254 P.2d 306].) ■ Where, as here, the privilege of change is agreed upon by an express provision in the policy, the requirements therein stated must be observed, at least substantially, in order to effect a change of beneficiary. (See *Cook* v. *Cook*, 17 Cal.2d 639 [111 P.2d 322]; *Lewis* v. *Reed*, 48 Cal.App. 742 [192 P. 335]; 19 A.L.R.2d 1, 10, 30.)

■ We do not deal here with any objection by the insurer to payment. It has interpleaded the claimants and paid the policy proceeds into court. We are concerned solely with the conflicting claims of the asserted beneficiaries against each other. The provisions in Nancy's insurance policies relating to change of beneficiary are obviously ambiguous, but they appear to confer upon the policyholder the broad right to change beneficiary by notice in writing given to the company. The requirement of written notice was fully observed by Nancy in her letter in which she clearly stated that she was removing her son Barney as a beneficiary and was making her daughter Becky the sole beneficiary of both poli-

cies. Thus the notice of change complied with the policy requirements and is sufficient to accomplish the purposes intended if acceptable to the company. The requirement that the written notice of change of beneficiary be "in form acceptable to the company" is satisfied here, because the company has paid the proceeds of both policies into court and has no further interest in these proceedings. The company is satisfied as to the sufficiency of the written notice and compliance with policy provisions, and has signified its willingness to pay the beneficiary who by law is entitled to the proceeds of the policies. As we have noted, in changing the beneficiary of an insurance policy the insured must comply with the provisions of the policy, at least substantially. ■ Where, as here, the company makes no contest but interpleads the contesting beneficiaries and pays the proceeds of the policy into court, a liberal rule obtains and courts of equity seek to do that which the insured intended to have done and to award the funds to the claimant who has the strongest claim under the facts of the case. (See *Pimentel* v. *Conselho Supremo etc. Portugueza*, 6 Cal.2d 182 [57 P.2d 131]; *Aetna Life Ins. Co.* v. *Wood*, 2 Cal.App.2d 579, 584 [38 P.2d 853]; *Johnston* v. *Kearns*, 107 Cal.App. 557, 560 [290 P. 640].) Here Nancy complied with the terms of her policies and intended, as the trial court found, that Becky be the sole beneficiary of both policies.

It may not successfully be contended that Nancy may have altered her intentions between the date upon which she received the second set of forms and the time of her death. On November 4, 1959, Nancy executed her will, in which she left Barney one dollar only, and in which she again expressed the view, previously stated in her written notice to the company, that Barney would be well provided for by his father. Nothing appears in the record to suggest that Nancy's intentions relating to her son Barney were in any manner changed between the date of the execution of her will and the time of her death, or that she had any intention other than that expressed in her letter to the company, namely that her daughter Becky Jane be the sole beneficiary of her insurance policies.

The appeal from the order denying motion for a new trial is dismissed; the judgment is affirmed.

Draper, P. J., and Devine, J., concurred.