10464

BROWN v. LIFE INSURANCE COMPANY OF VIRGINIA.

(103 S. E. 555.)

INSURANCE — BENEFICIARY NOT BOUND BY SUBSEQUENT AGREEMENT BETWEEN INSURED AND INSURER. — Insured and insurer could not impair the rights of beneficiary by a subsequent contract, and the latter was not bound by a clause in a premium note to the effect that failure to pay the note when due would render the policy *ipso facto* null and void, although insured had reserved the right to change the beneficiary.

Before WHALEY, J., County Court, Richland.   Affirmed.

Action by Anna C. Brown against Life Insurance Company of Virginia.   From directed verdict for plaintiff, defendant appeals.

*Messrs. Barron, McKay, Frierson & McCants,* for appellant, cite: *Where policy contains provisions that nonpayment of premium note will forfeit policy such provision will be sustained:* 187 U. S. 335; 23 Sup. Ct. 126; 75 S. W. (Tenn.) 735.   *Nor will extension in time of payment of note be considered waiver of forfeiture provision:* 77 S. W. (Ky.) 384; 11 N. E. 507 (N. Y.); 28 S. W. 1176 (Tex.); 77 N. W. 295 (Minn.); 192 Fed. 411; 71 N. E. 716 (Ohio). *Insured having reserved right to change beneficiary the beneficiary could have no rights thereunder until insured had paid premiums:* 77 S. W. 384 (Ky.).   *Retention of note by company after its maturity no waiver of forfeiture provision:* 187 U. S. 335; 23 Sup. Ct. 126; 80 N. Y. 32; 49 S. W. 425 (Ky.).

*Messrs. E. A. Blackwell* and *R. Y. Kibler,* for respondent, cite: *Beneficiary named in insurance policy has a vested interest therein:* 77 S. C. 299; 57 S. E. 853; 87 S. C. 395; 60 S. E. 886; 90 S. E. 30 (N. C.).   *Where provision for forfeiture on nonpayment of premium note is embodied in policy, the beneficiary cannot recover where premium note is not paid:* 95 S. C. 1; 78 S. E. 440.   *But no such provision is in either policy or note, and nonpayment of note will not work a forfeiture:* 37 S. C. 417; 16 S. E. 134; 3 Ga. App. 685; 60 S. E. 471. *Vested right of beneficiary could not be affected by subsequent agreement between insurer and insured:* 128 Ga. 402; 57 S. E. 782.   *Forfeiture provision in note where none appears in policy is nugatory:* May Insurance, sec. 345e; Joyce on Ins., sec. 1212; 111 Ind. 462; 11 N. E. 620; 60 Am. Rep. 703; 37 Kas. 674; 16 Pac. 92.   *Right to change beneficiary will not defeat vested interest until exer-*

*cised:* 77 S. C. 299; 57 S. E. 853; 128 U. S. 206; 32 S. Ed. 370; 49 L. R. A. 737, and note. *Where forfeiture is claimed note must be surrendered:* May Ins., sec. 345e; 101 Mass. 558.

June 28, 1920.

· The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action on a policy of insurance. His Honor, the County Judge, directed the jury to find a verdict in favor of the plaintiff for $1,004.99, and the defendant appealed.

On the 28th of August, 1917, the defendant issued its policy of insurance to Zingle G. Brown, wherein it was provided that, in the event of the insured's death, it would pay to his wife, the plaintiff herein, the sum of $1,000. The policy provided for a semiannual premium of $10.19, which was payable on the 28th of February and the 28th of August in each year.

The insured did not pay the semiannual premium when it became due on the 25th of February, 1919, but paid the sum of $5.19, and applied in writing for an extension of 60 days, and further requested the defendant to accept his note for the balance of said premium, to wit, the sum of $5. The defendant accepted the note of the insured for that sum, but it was not paid within the 60 days. The note contained the provision "that the failure to pay this note when due shall, without notice to any party or parties interested therein, render said policy *ipso facto* null and void." The policy itself does not contain a provision that in case a note be given for the premium, and be not paid at maturity, the policy shall be forfeited.

The following are the defendant's exceptions:

(1) "It is respectfully submitted that his Honor erred in directing a verdict in favor of the plaintiff and failing to direct a verdict in favor of the defendant, when the undis-

puted testimony showed that the insured failed to pay a note given for the balance of a premium due on said policy, under the terms of which the policy was voided when the same was not paid at maturity."

(2) "That his Honor erred in holding as a matter of law that the policy was in force at the time of the death of the insured, when the undisputed testimony showed that the premium on said policy was not paid when due, and that under the terms and provisions of the policy the failure to pay the premium when due rendered the policy null and void."

(3) "That his Honor erred in holding that the terms and provisions of said note were not binding upon the beneficiary named in said policy, when the insured expressly reserved the right to change the beneficiary, and, therefore, the rights of the insured were paramount to the rights of the beneficiary."

(4) "That his Honor erred in holding that said policy did not provide that the policy should lapse for the failure to pay a note given for a premium, when the policy expressly provides that the giving of a note by the insured was contemplated."

The principal, and we may say the sole, question in the case is whether the provision as to forfeiture in the note was binding upon the beneficiary.

The policy contains this provision:

"A grace of one month (not less than thirty days) without interest, during which time the policy will remain in full force, will be allowed in the payment of any premium, except the first."

There is no question that, if the note had not contained the condition as to forfeiture, it, together with the $5.19 in cash, would have constituted payment of the premium that was due on the 25th of February, 1919, and would have

had the effect of continuing the policy in full force until the 25th of August, 1919, and during the additional 30 days of grace provided in the policy.

In *Holder v. Insurance Co.,* 77 S. C. 299, 57 S. E. 853, the principle is announced that the rights of the beneficiary become vested as soon as the insurer and the insured enter into the contract, and are not subject to be divested, unless there is strict compliance with the requirements of the policy in this respect.    In that case this Court quoted with approval the following language in the case of *Cent. Bank v. Hume,* 128 U. S. 195, 9 Sup. Ct. 41, 32 L. Ed. 370:

"It is indeed the general rule that the policy and the money to become due under it belong, the moment it is issued, to the person or persons named in it as the beneficiary or beneficiaries, and that there is no power in the person procuring the insurance by any act of his, by deed or by will, to transfer to any other person the interest of the person named."

In the case of *Deal v. Deal,* 87 S. C. 395, 69 S. E. 886, Ann. Cas. 1912b, 1142, the Court used this language:

"When a beneficiary is named in a policy, he is as much entitled to rely upon its provisions for the protection of his rights as the insurer or the insured.    Nor can either of them waive the rights of the beneficiary."

The same principle is announced in *Jones v. Insurance Co.,* 105 S. C. 427, 90 S. E. 30.    Our conclusions are fully sustained by the case of *Arnold v. Ins. Co.,* 3 Ga. App. 685, 60 S. E. 470, in which the authorities are reviewed at length, including some of those upon which the appellant's attorneys rely.

The policy contains this provision:

"When the right of revocation has been reserved, the insured may at any time, while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy, subject to any

previous assignment; such change to take effect only upon indorsement of the same on this policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease."

The insured and the insurer could not impair the rights of the plaintiff under the policy, by a subsequent contract to which she was not a party. Nor could the beneficiary be changed, except by strict compliance with the requirements of the policy in that respect.

Affirmed.