## 10470

### BOST v. VOLUNTEER STATE LIFE INS. CO.

#### (2 Cases.)

#### (103 S. E. 771.)

INSURANCE — BENEFICIARY UNDER POLICY, WHEREBY INSURED RESERVED RIGHT TO CHANGE, DEPRIVED OF EXPECTANCY BY SURRENDER.—Unless right to change beneficiary under life policy is reserved in insured by policy, beneficiary takes vested interest, but where right was reserved, the beneficiary acquired only an expectancy, subject to insured's right of change without beneficiary's consent, including that of surrender and cancellation of policy for cash payment from company, which released the company from liability to the beneficiary, though insured died before the check was received and cashed.

Before SEASE, J., Richland, April term, 1919. Reversed.

Actions by Mrs. Bess Boyd Bost against the Volunteer State Life Insurance Co. on two policies of life insurance tried together. From judgment for plaintiff, the defendant appeals.

*Messrs. Thomas & Lumpkin,* for appellant, cite: *Beneficiary under insurance policy has a vested right, in the absence of stipulation or condition affecting such right:* 175 N. C. 351; 102 N. C. 115; 108 Tenn. 567; 69 S. W. 768; 128 U. S. 134; 32 L. Ed. 375; 77 S. C. 300; 87 S. C. 395; 105 S. C. 427. *But where insured reserved the right to change the beneficiary, such beneficiary does not take a vested interest:* 4 Cooley Briefs on Ins. 3755; 68 Fed. 825; 99 Fed. 199; 73 Pa. 875; 17 S. W. 864; 981 Ky. 620; 82 S. W. 420; 57 App. Div. (N. Y.) 227; 2 Joyce Ins. 1650; 245 U. S. 51; 62 L. Ed. 144; 253 Fed. 725; 222 Fed. 204; 98 S. E. 832. *Bost had reserved right to change beneficiary, and, therefore, had the right to cancel:* 353 Fed. 727. *And when cancelled policies were delivered to company, the cancellation was complete even though check was not mailed before Bost died:* 102 Atl. 727; L. R. A. 1918c, 964; 2 Joyce Ins., par. 751; 14 R. C. L., par. 556; 95 S. C. 20; 244 Fed. 222. *Condition of policy requiring written permission to join the army was not an attempt to keep insured from joining the army and has been recognized and approved by the Courts:* 3 Cooley's Briefs 2217; 4 Joyce Ins. 3825; 44 Ga. 119; 75 Pa. 494; 212 S. W. 311. *Judge erred in holding this provision against public policy:* 85 S. C. 405; 176 U. S. 505. *Bost was drafted, which showed that policy had no deterrent effect on his entering army; but contract by its terms was altered when he did enter the army, and to hold otherwise would be violating the consitutional rights of the insurer:* 4th and 15th Amend. U. S. Const.; 4 Joyce, par. 2506, p. 4196; *Ibid.,* p. 4217; 208 U. S. 160; 52 L. Ed. 436; 165 U. S. 578; 41 L. Ed. 832. *Waiver is the voluntary relinquishment of a known right:* 63 S. E. 188; 29 A. & E. Enc. Law 1095.

In reply: *In 207 S. W. 74, the military service clause contained the words "active service," which does not occur here. See later case of Reid v. American National Assurance Co.:*

Advance Sheets S. W. Rep. 1920. *What constitutes "in military service:"* 207 S. W. 74; 213 S. W. 877. *Clause here is valid:* 75 Pac. 494; 212 S. W. 310; 172 N. W. 152; 48 N. Y. 34; 8 Am. Rep. 518. *Waiver must be based on knowledge of facts constituting the waiver:* 194 Mo. App. 434; 184 S. W. 1164; 50 Mo. App. 472.

*Mr. Wm. N. Graydon,* for respondent, cites: *All persons having an interest in a policy must concur in assignment or surrender:* Bliss Ins., sec. 348. *Where no power of disposition is reserved to the assured, the beneficiary acquires vested right immediately on issue:* Elliott Ins., sec. 354; 3 Cooley's Briefs, p. 286, and cases cited; 1 Lea. (Tenn.) 454; 100 Tenn. 295; 175 N. C. 350; 102 N. C. 115; Bliss Ins., sec. 316; 105 S. C. 427; 77 S. C. 299; 2 May Ins., sec. 399 L.; 87 S. C. 395. *Surrender and cancellation not complete until assured received and accepted the money therefor:* 73 S. W. 978 (Tex.). *Contract cannot be carried into effect which contains a provision which has become unlawful after it was entered into; and drafting of assured under Selective Service Act had this effect:* 9 Cyc. 629; 20 L. Ed. 490 (U. S.); 15 Wall. 184; 22 L. Ed. 739 (U. S.). *This provision was contrary to public policy, null and void:* 32 Cyc. 1251; 9 Cyc. 481; 207 S. W. 74. *If insurer knew of any act of insured that forfeited the policy it was its duty to claim the forfeiture:* 57 S. C. 358; 97 S. C. 375. *Not incumbent on plaintiff to prove strict compliance with terms of policy:* 100 S. C. 162. *Policy was a South Carolina contract:* 87 S. C. 395; 49 L. Ed. 1146 (U. S.).

July 26, 1920.

The opinion of the Court was delivered by Mr. Justice Watts.

This is an appeal from Judge Sease's decree, made in two cases heard by him, a jury having been waived.

The suit is on two insurance policies, and the facts are identical in each. The plaintiff claimed full amount in each policy. The defendant claimed that there was a valid cancellation and surrender of these policies, prior to the death of the deceased, the insured, and that no claim can be predicated thereon, and that the insured entered the service of the United Sates, in the army, in violation of the provisions of the policies, and that by reason thereof the policies are void. The trial Judge overruled each defense, and decreed in favor of the plaintiff the full amount of each policy.

After entry of judgment defendant appealed and by exceptions, eight in number, imputes error. The exceptions 1, 2, 3, and 4 question the holding of his Honor that the insured, Berry Buford Bost, did not have the right to accept the cash-surrender value of the two policies of insurance, taken out in the defendant company in favor of his mother, Laura H. Bost, as sole beneficiary, without her consent, and would that bar her interest in the policies, and whether he did accept the cash-surrender value, so as to deprive the sole beneficiary of her rights, under the policies.

· The conditions of the policy provide:

"*Change of Beneficiary.*—The insured may, at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy, such change to take effect only upon the indorsement· of the same on the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease: *Provided, however,* That no such change of beneficiary shall be valid if the policy or any interest therein be assigned at the time of such change."

"This policy is issued with the express understanding that the insured may, without the consent of the beneficiary, receive every benefit, exercise every right, and enjoy every privilege conferred upon him by this policy."

Under this provision, the beneficiary does not take a vested interest, as the policy itself reserved the insured the right to change the beneficiary with the consent of the company. Unless this right was reserved to the insured by the terms of the policy, the beneficiary would take a vested interest. By the terms of the policies the insured reserved the right to change the beneficiary, without the beneficiary's consent, and under this provision the beneficiary acquired, not a vested interest during the life of the insured, but only an expectancy. That expectancy could be defeated at any time during the life of the insured, by the insured complying with the provisions of the policy, in the manner provided for in the policy, whereby change of beneficiary could be made.

Under the provisions of the policy the insured at any time had the right to change the beneficiary. He could have the change made for the benefit of his estate, his wife, his child, or his children, or his creditors. Under the provisions of the policy the insured had the right to act with the policy as he saw fit; that he had the right to change the beneficiary without her consent and to enjoy every benefit given him under the policy; that the beneficiary had not a vested interest, but an expectant interest; that the insured did every act necessary to bring the policies to surrender and cancellation. He named himself as beneficiary. He made his own calculation as to the amount due, and that he was willing to accept. He insisted on a cancellation over the protest of the company. The company shows up well in their correspondence with him over the matter. They could not have dealt more fairly by him. He signed the necessary receipts on the back of each policy, and mailed the policies to the company. This completed the transaction, as far as he was concerned; and upon the receipt of the policies the check of the company was mailed, in due course of business, that relieved the company. The fact that he died before check was received and cashed does not make the company further

liable.    When the insured accepted offer of company and mailed the policies to the company and company sent check for the agreed amount of the cash-surrender value, that completed the settlement and finished the transaction.

It is not necessary to consider the other exceptions, as in sustaining, these exceptions the judgment must be reversed.