## 11782

### BARRON v. LIBERTY NATIONAL BANK

#### (128 S. E., 414)

INSURANCE—BENEFICIARY RATHER THAN PLEDGEE OF POLICY HELD ENTITLED TO PROCEEDS THEREOF.—Where change of beneficiary was not accomplished in manner set forth in policy, at time of its pledge to bank as security for note, *held* on death of insured, beneficiary rather than bank was entitled to proceeds of policy.

Before TOWNSEND, J., Richland, January, 1924. Affirmed.

Suit by Daisy S. Barron against the Life Insurance Company of Virginia and the Liberty National Bank of South Carolina at Columbia, wherein first-named defendant paid amount in controversy into Court, and contest proceeded between plaintiff and remaining defendant. From a judgment for plaintiff, such defendant appeals.

The following is the decree of the trial Court:

This case was heard before me at chambers without a jury, by consent of counsel representing all parties to the action.

This case arises out of the issuance by the Life Insurance Company of Virginia of a $10,000 policy of insurance, dated December 12, 1912, on the life of Charles H. Barron,

of Columbia, S. C., payable to Daisy S. Barron, the plaintiff, if living at the death of the insured, otherwise to his executors or administrators, which policy was thereafter by the insured, Charles H. Barron, pledged as collateral security for his obligation with the defendant, the Liberty National Bank of South Carolina at Columbia. The plaintiff, Daisy S. Barron, claiming the proceeds of the insurance upon the death of her husband, the insured, Charles H. Barron, in November, 1922, brought this action against the insurance company, which thereafter by interpleader proceedings paid into Court the commuted value of the policy, and had the defendant, the Liberty National Bank of South Carolina at Columbia, which claimed the proceeds of the policy by virtue of its pledge, substituted as defendant.

The only question involved in this case, therefore, is which of the claimants to the fund, the beneficiary named in the policy, Daisy S. Barron, or the defendant, the Liberty National Bank, is entitled to the proceeds of the policy which have been paid into Court.

The facts in the case are practically undisputed, and will be, so far as necessary, stated in this opinion.

In the application for insurance, the insured reserves "the ficiaries as provided on the second page of the policy.

On the second page of the policy it is provided: "When," as in this case, "the right of revocation has been reserved, right, without the consent of the beneficiary or beneficiaries, to receive any benefits, exercise every right, and enjoy every privilege conferred upon the insured by the policy." And also reserves "the right to change the beneficiary from time to time, if the policy or any interest therein be not assigned."

The policy names as the beneficiary, Daisy S. Barron, wife of the insured, if living at the death of the insured, otherwise to be payable to the insured's executors, administrators, or assigns, subject to the right of the insured, reserved in said application, to change the beneficiary or bene-

the insured may at any time, while the policy is in force, by written notice to the company change the beneficiary or beneficiaries under this policy, subject to any previous assignment; such change to take effect only upon indorsement of same on this policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease."

There has never been any notice given the company, of any intention or attempt to change the beneficiary designated in the policy, and no such change has been made. But the Liberty National Bank claims that the insured, acting under reserved rights in said application and policy, acting both for himself and his wife, the beneficiary named in the policy, pledged and assigned the policy in question to it as collateral security for the payment of his note for $9,550, or any other liability or debt then due, or thereafter to become due to it, and that no part of said $9,550 has been paid.

The attempted pledge or assignment was signed, or made, by the insured only, and his wife neither joined in it, nor knew of it during his lifetime, and it was not made in the form prescribed in the policy.

The question before me is, Does such pledge or assignment entitle the bank to the insurance, as against the wife? The authorities applicable to this question clearly show that Daisy S. Barron, the wife, is entitled to the proceeds of the insurance.

(1) The overwhelming weight of authorities support the position that the beneficiary named in the insurance policy has an interest in the policy which can only be divested by a strict compliance by the insured with the provisions of the policy regulating a change of beneficiary. 14 R. C. L. 1390, 1391. *Johnson v. N. Y. L. Ins. Co.,* 56 Colo., 178; 138 P. 414, L. R. A. 1916A, 868; 2 Joyce on Ins. § 1678. *Holder v. Ins. Co.,* 77 S. C., 299; 57 S. E., 853. *Deal v. Deal,* 87 S. C., 400, 401; 69 S. E., 886, Ann. Cas. 1912B, 1142. *Neary v. Ins. Co.,* 92 Conn. 488; 103 A. 661, L. R. A. 1918F, 306, and note. *Sangunitto v. Goldey,* 88 App.

Div. 78; 84 N. Y. S. 989. *Metro. L. Ins. Co. v. Zgliczenski* (N. J. Ch.) 119 A. 29. *Reid v. Durboraw* (C. C. A.), 272 F. 101 (opinion by Judge Woods).

There having been no attempt to comply with the provisions of the policy as to change of beneficiary, the interest of the beneficiary named therefor has clearly not been affected.

(2) Under the South Carolina statutes (Section 4099, Code 1922, Vol. 3), where a life insurance policy is payable to the wife, or wife and children, of the insured, the named beneficiary, i. e., the wife and children, are entitled to the proceeds of the insurance in preference to any person claiming through the husband insured. Code 1922, Vol. 3 § 4099; 2 Joyce on Ins. §§ 2345, 4007 (note) p. 1651. This policy, having been made in South Carolina, is governed by the South Carolina laws. *Owens v. Ins. Co.,* 84 S. C., 253; 66 S. E., 290; 137 Am. St. Rep. 845. And under this statute this policy could not be assigned so as to affect the rights of the wife without the consent of the wife. *Eadie v. Slimmon,* 26 N. Y., 9, 15; 82 Am. Dec. 395. *Union Cen. Life Ins. Co. v. Woods,* 11 Ind. App. 333; 37 N. E., 180; 39 N. E., 205.

(3) The pledge of the insurance policy by the insured, Charles H. Barron, even though it might be regarded as a sufficient assignment of the proceeds of the policy to bar the insured or his representatives, can at most affect the contingent interest of the insured, and cannot be regarded as a request to change the beneficiary so as to affect or impair the rights of the beneficiary named in the policy.

(4) Joyce on Ins. § 2322 (a), p. 3970. *Johnson v. N. Y. Life Ins. Co.,* 56 Colo. 178; 138 P. 414, L. R. A. 1916A, 868. *Deal v. Deal,* 87 S. C., 400, 401; 69 S. E., 886, Ann. Cas. 1912B, 1142. *Schoenholz v. N. Y. Ins. Co.,* 234 N. Y., 24; 136 N. E. 227; L. R. A. 1916A, note 878, and cases cited.

Under the facts of this case and of the authorities cited, I am clearly of the opinion that the plaintiff, Daisy S. Barron, is entitled to the proceeds of the policy already paid into Court.

It is therefore ordered and adjudged that the plaintiff, Daisy S. Barron, have judgment for the sum of $6,838.34, now in the hands of C. E. Hinnant, Clerk of Court for Richland County, and that the said C. E. Hinnant is hereby authorized and directed forthwith to pay over the said sum, together with the accrued interest thereon, to the plaintiff, Daisy S. Barron, or her attorneys.

*Messrs. Sloan & Sloan,* for appellant, cite: *Right of insured in policy during lifetime:* 40 C. C. A. 1; 114 S. C., 405. *May be mortgaged, assigned, or pledged:* 6 Cooley Briefs Ins. 421; 52 Am. Dec. 782; Ann. Cas. 1912A, 651. *May be accomplished by parol:* 14 R. C. L., 1003; 25 Cyc., 768; 31 Cyc. 807; 95 S. C., 16. *Provision in policy is for protection of company:* 25 Cyc., 770, 771, 772; 11 Cooleys Briefs Ins. 1100; 19 A. & E. Enc. (2nd Ed.), 94. *Company waived its right to stand on provision:* 82 N. Y., 432; 20 R. I. 457; 101 Am. St. Rep., 650; 62 L. R. A., 982. *Provisions as to assignment do not apply to pledge or collateral assignment:* Jones Collat. Sec. (3rd Ed.), 173, 174; 2 Joyce Ins. (2nd Ed.), 179; 87 A. L. R. 497; 10 Ann. Cas., 328; 3 Code, 1922, Sec. 4099. *Does not restrict right of insured to assign policy:* 25 Cyc., 766, 777; 68 Ark. 891; 98 Ky., 620; 47 Mo., 453; 3 Sneed (Tenn.), 463; 121 A. S. R., 489. *Exemption limited by constitution:* 29 C. J. 786, Sec. 10; 11 S. C., 333; 21 S. C. 375; 95 S. C., 36.

*Messrs. Melton & Belser,* for respondent, cite: *What is necessary to affect rights of beneficiary:* 114 S. C., 202; 87 S. C., 395; 77 S. C., 299; 95 S. C., 16; 113 S. C., 306; 114 S. C., 405; 2 Joyce, Sec. 740a p. 1674; 14 R. C. L., 1390-91; 3 Ga. App., 685 86 N. E. 43; L. R. A. 1918-F

306; 157 N. W. 1099; 73 Atl., 1052; 137 Ill. App., 278; 91 S. E., 773; 109 A. S. R., 283; 50 N. Y. Supp., 470; 89 N. Y. Supp., 989; 88 N. W. 606. *Beneficiary (wife) entitled to proceeds as against creditors of insured:* 3 Code, 1922, Sec. 4099; 4 Joyce 4007-8; 128 U. S., 195; 130 Fed., 287; 114 Fed., 268; 109 Fed., 56; 96 Fed., 176; 90 Fed., 395; 84 S. C., 253; 95 S. C., 36. *Incomplete assignment ineffective:* 95 S. C., 16; 87 S. C., 395; 4 Joyce 3974-75; L. R. A. 1916-A 68.

June 10, 1925.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN.

Suit was begun in the Court of Common Pleas for Richland County, in January, 1923, by the respondent against the named insurance company, to recover the sum of $6,-838.34, the commuted value of an insurance policy issued on the life of Charles H. Barron. By order of Court, the insurance company was permitted to pay into Court the amount in controversy, and thereupon the bank was substituted as the real defendant. During the life of Barron he had deposited the policy with the bank as collateral security to a note. Upon his death, the proceeds of the policy were claimed by Mrs. Barron as beneficiary and by the bank under its collateral note.

The foregoing facts being undisputed, the cause was submitted to his Honor, Judge Townsend, for decision. Under this decree, the plaintiff, Mrs. Barron, was awarded the money so deposited with the clerk, and hence this appeal by the bank.

By five exceptions, error is imputed to the presiding Judge, all of which, however, make the sole point that the bank is entitled to the fund. The respective rights of the parties will therefore be considered.

We may say at the outset that we approve the decree of Judge Townsend, and, but for several late cases not re-

ferred to by him, we would adopt his decree as the opinion of this Court. There are three cases reported in 114 S. C., all bearing on the point here in controversy: *Brown v. Life Ins. Co.*, 114 S. C., 202; 103 S. E., 555. *Bost v. Volunteer State Life Ins. Co.*, 114 S. C., 405; 103 S. E., 771, and *Taff v. Smith*, 114 S. C., 306; 103 S. E., 551. Each of these cases will be referred to.

The *Brown Case* reviews the authorities relative to the vested right of the beneficiary, and concludes as follows:

"The insured and the insurer could not impair the rights of the plaintiff under the policy, by a subsequent contract to which she was not a party. Nor could the beneficiary be changed, except by strict compliance with the requirements of the policy in that respect."

In *Taff v. Smith*, the Court recognizes the force of the same rule, and holds that the rights of the beneficiary vested upon the execution of the policy. Under a reserved right to change the beneficiary, the insured complied with all the conditions of the policy, but could not send in the policy for indorsement by the insurance company because it was wrongfully withheld by the original beneficiary. The change of beneficiary was never indorsed on the policy. As this was no fault of the insured, the Court, with equitable aid, sustained the claim of the new beneficiary. This decision did not in any respect depart from the recognized law of this State.

*Bost v. Insurance Company* is the third one of the cases reported in 114 S. C. At first glance it would appear to work a departure from the recognizedly established rule in South Carolina, but such is not the case. In that case it is shown that the policy contained the usual clause as to change of beneficiary upon written notice to the company and indorsement by the company. It also contained the following clause:

"This policy is issued with the express understanding that the insured may, without the consent of the beneficiary, re-

ceive every benefit, exercise every right, and enjoy every privilege conferred upon him by this policy."

Under this provision the Court held that the right of the beneficiary was not vested but expectant; that the insured had the right to change the beneficiary by complying with the terms of the policy. But the *Bost Case* was not one seeking a change of the beneficiary. It was for cancellation. The privilege of cancellation was one of the recognized rights of the insured. It may be that he would have had this right without the consent of the beneficiary, even without the reserve clause. However, as he certainly had it under the reserve clause, we are not called upon to decide that point. Moreover, Bost complied with all the terms and conditions relative to a cancellation.

The right to change the beneficiary according to the term of the policy, while a reserved right, was obliged to be accomplished in the manner set forth in the policy. If the reserve clause set forth above gave Barron absolute control of the policy, then the method of changing the beneficiary by written notice and indorsement amounts to nothing, and may as well have been omitted. Both clauses must be read together, and the reserve clause relates only to privileges, etc., conferred upon him by the policy. One of these was the right to change the beneficiary only in the manner prescribed. As this was not done, we see no reason in law why the plaintiff should be deprived of her rights as beneficiary under the policy.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE THOMAS P. COTHRAN did not participate.

MR. JUSTICE MARION (dissenting). I think, under the express terms of this policy, Barron, the insured, had a perfect right to assign the policy without the consent of the beneficiary, and that the pledge of the policy with the bank was, as between the pledgee and Barron or any one claiming

under him, as beneficiary or otherwise, a valid transfer of
the policy. The conditions of the policy contract as to
form of an assignment, etc., were intended for the benefit
and protection of the company (25 Cyc. 770, 771, 772),
not for the protection of the beneficiary who, at the time
of the pledge, had only an expectant, not a vested, interest
in the policy. *Bost v. Volunteer State Life Ins. Co.,* 114
S. C., 405; 103 S. E., 771. The construction given this
particular contract in the *Bost Case* is, in my opinion, cor-
rect. Under that construction, as I apprehend, the reserved
right of the insured "to act with the policy as he saw fit"
(*Bost Case*) embraced the right to pledge the policy to se-
sure a loan, either for the purpose of keeping the policy
in force, for the purpose of obtaining money to feed and
clothe his wife and family, or for any other purpose. Bar-
ron could not bind the company to recognize the validity
of such an assignment so as to give the assignee the right
to hold the company for the amount of the insurance, with-
out complying with the terms of the policy as to the form
of an assignment or as to the change of beneficiary. But
he could bind the beneficiary by such pledge or parol as-
signment to the same extent he could have bound her by
surrendering and canceling the policy or by terminating it
for nonpayment of premiums. Barron had the same right
in life, if he saw fit, to provide for his wife by borrowing
money upon this policy, as he had to provide for her out
of the policy at his death. Having exercised the privilege
of borrowing money upon the security of this policy, such
pledge of the policy was, as against any one claiming by or
through Barron (*Thompson v. Equitable Life, etc.,* 95 S. C.,
16; 78 S. E., 439), an assignment entirely valid—certainly,
in equity, which considers as done all that should have been
done.

To a case of this character the provisions of Section 4099,
Code 1922, Vol. 3, are inapplicable. That Section, as I
think, was plainly intended to protect the beneficiaries there-

in named, the wife and children of an insured, from the claims of the representatives of the husband, or his creditors, in so far—and in so far only—as might be necessary to prevent the diversion of the proceeds of such life insurance to the payment of general creditors and claimants. Within the limits prescribed by that section, an insolvent husband and father has the right to provide for his wife and children by carrying life insurance. But the statute does not prevent him from exercising the reserved right of pledging such a policy to obtain money to provide for his wife and family during his life, or to keep his business bark afloat, or to subserve any other legitimate purpose. Under the statute, the insurance belongs to the wife or to the children so long as it is payable to them at the insured's death by virtue of the insured's intention to make it payable to them. When the insured pledges the policy to secure a loan during his life, and gets a creditor's money upon the faith of such security he has thereby manifested an intention to make the insurance payable to his creditor, not to the beneficiary— an intention which it was not the object of this statute to frustrate, and an intention which, in my judgment, may not be ignored or disregarded by the Courts without violating the cardinal principles of equity jurisprudence.