12792

HARPER v. METROPOLITAN LIFE INS. CO.

(151 S. E., 60)

*Mr. L. A. Hutson,* for appellant,

*Messrs. Elliott, McLain, Wardlaw & Elliott,* for respondent,

December 30, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, commenced March 19, 1929, in the County Court of Orangeburg County, is an action on two policies of insurance alleged to have been issued by the defendant, Metropolitan Life Insurance Company, upon the life of one Lettie Green, who is alleged to have died April 5, 1927; the plaintiff claiming to be entitled to recover from the defendant the amount of the insurance named in the policies. The defendant demurred to the complaint, upon the grounds that the same does not state facts sufficient to constitute a cause of action, in that (1) it does not appear under the allegations therein that the plaintiff was the beneficiary named in the alleged policies of insurance; (2) it does not appear under the allegations therein that there was any legal obligation or duty imposed upon the defendant to change the beneficiary named in the policies.

The matter was heard by his Honor, Judge B. Hart Moss, Judge of the said County Court, who after due considera-

tion sustained the demurrer and issued an order accordingly. From said order the plaintiff has appealed to this Court, upon exceptions imputing error to his Honor, Judge Moss, in sustaining the demurrer and in not holding that the complaint stated a cause of action.

The complaint, which will be incorporated in the report of the case, contains no allegation that the plaintiff was the beneficiary named in the alleged policies, and there are no facts alleged in the complaint which, if proven, would impose any legal obligation or duty upon the defendant to change the beneficiary in the policies or to make payment to the plaintiff under any view of the allegations. It is true, as contended by the appellant, that, for the purpose of a consideration of the demurrer, the demurrer admits as true all allegations of the complaint, and the allegations must be liberally construed in favor of the plaintiff, and if, under the allegations, the plaintiff is entitled to any relief, either on the law or equity side of the Court, the demurrer should be overruled. But notwithstanding that the demurrer must be measured by this test, we think the same was properly sustained. While it is alleged in the complaint that the insured made application to the defendant to change the beneficiary and to name the plaintiff as beneficiary under the policy, the complaint contains no allegation that the policies in question contain a provision permitting the insured to make such change, and in the absence of such allegation it cannot be assumed that the policies contained a provision to that effect, which is a necessary provision to be inserted in an insurance contract in order for the insured to have the right to change the beneficiary. See the case of *Antley v. N. Y. Life Ins. Co.*, 139 S. C., 23, 137 S. E., 199, 60 A. L. R. 184, and authorities therein cited.

It follows, therefore, that his Honor, Judge Moss, committed no error in sustaining the demurrer, and the exceptions are overruled.

It is the judgment of this Court that the order of his Honor, Judge Moss, sustaining the demurrer to the complaint in this action, be, and the same is hereby, affirmed.

MR. CHIEF JUSTICE WATTS, and MESSRS. JUSTICES COTHRAN, BLEASE, and STABLER, concur.