13520

WANNAMAKER *ET AL.* v. STROMAN *ET AL.*

(166 S. E., 621)

*Messrs. Lide & Felder* and *J. S. Bowman,* for appellants,

*Messrs. Brantley & Zeigler,* for respondent, 

November 22, 1932.

The opinion of the Court was delivered by Mr. Justice Cothran.

The controversy in this case arises out of the claim of judgment creditors of Mrs. Maggie A. Stroman to have the proceeds of certain life insurance policies issued upon the life of her husband, Z. E. Stroman, applied to the payment of their judgments.

The undisputed facts are these: Z. E. Stroman, husband of Mrs. Stroman, at the time of his death in August, 1930, held three policies of life insurance, which for convenience shall be designated as A, B and C.

Policy A was for $1,500.00; the beneficiary was Mrs. Stroman; it contained a provision reserving to the insured the right to change the beneficiary, in these words: "The insured will be entitled at any time while the policy is in force and not assigned, upon return of the policy to Newark with the insured's written request for the appropriate indorsement of the policy by the company; 1. To have the beneficiary changed."

Policy B was for $1,000.00; the beneficiary was the same, and the provision for a change of the beneficiary was also the same (both were in the same company).

Policy C was for $1,500.00; the beneficiary was the same, but the policy contained no provision for a change of the beneficiary.

The insured, as stated, died in August, 1930, without having complied with the provisions for a change of the beneficiary, under policies A and B.

The contention of the parties opposed to the claim of the judgment creditors, however, is that the insured by his will dated April 13, 1929, accomplished a change in the beneficiary named in policies A and B (it appears to be conceded that the beneficial interest of Mrs. Stroman in policy C for $1,500.00 has not been affected by the will).

In item 2 of the will, the testator bequeathed to Mrs. Stroman "Fifteen Hundred ($1,500.00) Dollars of my insurance money." It seems clear that in the proceeds of policy C, $1,500.00, in which Mrs. Stroman was named beneficiary, and which contained no provision for a change of the beneficiary, she had a vested interest, which became due and payable to her immediately upon the death of the insured, regardless of this provision in the will.

In item 6 of the will the testator bequeathed "Two Thousand ($2,000.00) Dollars of my insurance" to his three daughters and his grandson, to be divided equally between them. It seems clear that, as the testator had no right to interfere with the proceeds of policy C, which as has been shown was vested in Mrs. Stroman and payable to her, the bequest of $2,000.00 "of my insurance" was available only out of the proceeds of policies A and B, and that, if he had no right to interfere with the expectant interest of Mrs. Stroman, except in the mode provided in the policy regulating a change of the beneficiary, which he did not comply with, there is no part of the insurance which was the subject of testamentary disposition by the testator. The pivotal question therefore is whether the attempted disposition constituted a change in the beneficiary named in those policies.

The circuit Judge, in his decree, held that "the evident intention of the testator was to dispose of all his insurance money which he knew to be $4,000.00, by giving $1,500.00 to his wife, $500.00 each to his three daughters and grandson, and the residue to his three daughters." That may have been, and doubtless was, his intention; but this is not a question of testamentary intention, but of testamentary power.

Did he have the power of control over the proceeds of policies A and B?

There is not a semblance of evidence in the case that the testator entertained a purpose to change the beneficiary named in these policies; he makes no reference to them; the only suggestion of his purpose is contained in the effect of his provision in the will, which is entirely compatible with his apprehension that the insurance money was a part of his estate; he constantly refers to it as "my insurance"; he had the insurance policies before him, and is presumed to have been familiar with the provision which accorded him the right to change the beneficiary; the truth of the matter is that he thought that the insurance was his to dispose of as he wished, regardless, and doubtless ignorant, of the provision in the policies designating his wife as the beneficiary. It seems clear that what the insured intended and attempted to do, in making his will, was not to change the beneficiary designated in the policies, but to dispose of the proceeds of all three policies available at his death, as if they had been made payable in that event to his executor, as much as a part of his estate as the real estate or any other species of personal property; his action evinces no recognition of the fixed designation of the wife as beneficiary, nor a purpose to change it, nor an effort to comply with the provisions regulating a change of the beneficiary.

I do not think, therefore, that the cases which hold that under circumstances the designation may be altered by will have any application to the facts of the present case; they are generally, like the *Hunter case,* cases where there is no direction as to the mode of changing the beneficiary; they all unmistakably evince a recognition of the designation and a plain purpose to change it.

The case of *Hunter v. Hunter,* 100 S. C., 517, 84 S. E., 180, strongly relied upon as sustaining the validity of the testamentary change of beneficiary, has more than one distinctly distinguishing feature from the case at bar. It was

a case of tragic coloring; the insured was shot by the paramour of his wife as he was entering his own home to their surprise; he died the following day after having made a will bequeathing the proceeds of an insurance policy which had been payable to the unfaithful wife to his mother. In the contest between them, the Court sustained the claim of the mother upon two grounds: (1) that under the terms of the policy the mother was as definitely designated as the wife; and (2) "But, even if I am wrong in this conclusion, and even if it should be held that the widow was named as beneficiary under the policy, she had no vested interest until the policy became due and payable, and the assured could, at any time, change the beneficiary by complying with the regulations of the order. No specific regulation as to the manner of designating a beneficiary in the first instance, or of changing a beneficiary already named, has been pointed out to me."

The Court said: "The assured has, in a solemn manner, to wit, by his last will and testament, and by his declaration when in 'extremis,' undertaken to name his mother as sole beneficiary under the policy. In the absence of any specific regulation as to when and how one who is to receive the benefits under a policy is to be named in the first instance, or how substituted after one has been named, I hold that the plan pursued by Tom Hunter was a sufficient and valid designation of his mother as such beneficiary whether it was an original appointment, or a substitution for one previously named."

I think that it may be gathered from this decision that the assured, in order to make a change of beneficiaries effective, must comply with the prescribed mode; that, when no mode is prescribed, a designation of the substituted beneficiary will be recognized if "sufficient and valid"; that, under the circumstances of that case, the designation by will was "valid and effective." I do not apprehend that any one would contest the wisdom and justice of that decision. The

insured was aware of the provision in the policy; he naturally was unwilling that the unfaithful wife should receive the insurance; he specifically provided in his will that, instead of her, his mother should receive it; he unquestionably evinced a recognition of the designation previously made and a distinct purpose to substitute another for the wife.

. But, assuming that the insured in the execution of his will recognized the designation of a beneficiary in the policies, and evinced a purpose to change it, in all of the South Carolina cases that have come to my attention, where there is a method of changing the beneficiary provided in the policy contract, our Courts have approved this right only where the mode prescribed in the policy was followed, or substantially followed.

In *Bost v. Ins. Co.,* 114 S. C., 405, 103 S. E., 771, 772, opinion by the late Chief Justice Watts, it was declared: "By the terms of the policies the insured reserved the right to change the beneficiary, without the beneficiary's consent, and under this provision the beneficiary acquired, not a vested interest during the life of the insured, but only an expectancy. That expectancy could be defeated at any time during the life of the insured by the insured complying with the provisions of the policy, in the manner provided for in the policy, whereby change of beneficiary could be made." :

In *Antley v. Ins. Co.,* 139 S. C., 23, 137 S. E., 199, 203, 60 A. L. R., 184 the, Court said: "The opinion of Mr. Justice Watts in the *Bost case* makes the proper distinction and draws the correct conclusion."

In *Brown v. Ins. Co.,* 114 S. C., 202, 103 S. E., 555, 557, the Court said: "Nor could the beneficiary be changed, except by strict compliance with the requirements of the policy in that respect."

In *Taff v. Smith,* 114 S. C., 306, 103 S. E., 551, an application for changing the beneficiary was made out by the insured and delivered to the agent of the insurance company,

who forwarded it to the home office, and it had not been accepted for the reason that the insurance policy had not been forwarded with the application for the change. It appeared that the insured was unable to forward the policy along with the application because the beneficiary had it in her possession and refused to surrender it. The Court held that, as the insured had made every effort on his part to change the beneficiary as provided in the policy, the original beneficiary should not be permitted to profit by her wrongful act in withholding the policy from the insured.

It appears concluded by the *Bost case,* reaffirmed in the *Antley case,* that, where the right is reserved to the insured to change the beneficiary at his pleasure, the designated beneficiary does not take a vested interest, in the sense of an interest that cannot be divested by some act of the insured; his interest is denominated an "expectancy"; it is nevertheless an interest which is held subject to the exercise of the right of the insured to change the beneficiary; but no valid reason appears to me why this inchoate interest or expectancy should not be entitled to the protection which the policy gives it, not to be defeated except in the contract method.

The argument advanced in some of the cases that the provision for a change of the beneficiary with certain solemnities is inserted for the protection of the insurance company alone, and that that protection may be waived by the company, does not appeal to me as sound.

It is a provision in fact for the mutual protection of the insurance company and the beneficiary, and it does not seem just that the insurance company, if it should see fit to waive its protection, by that act be held to have waived the right of the beneficiary.

The insured contracts with the beneficiary that the proceeds of the insurance shall be paid to her unless he should conform to the provisions of the policy regulating a change of beneficiary; the insurance company contracts, through

the insured, with the beneficiary that the proceeds shall be paid to her unless the insured should in the prescribed method change the beneficiary.

The insurance company is protected in its payment of the proceeds to the designated beneficiary, as against one who may claim to be a substituted beneficiary, under some instrument of writing of which the company has had no notice.

To hold that a change in beneficiary may be made by testamentary disposition alone would open up a serious question as to payment of life insurance policies. It is in the public interest that an insurance company may pay a loss to the beneficiary designated in the policy as promptly after the death of insured as may reasonably be done. If there is uncertainty as to the beneficiary upon the death of insured, in all cases where the right to change the beneficiary had been reserved there would always be a question as to whom the proceeds of the insurance should be paid. If paid to the beneficiary, a will might later be probated designating a different disposition of the fund, and it would be a risk that few companies would be willing to take, unless some specified time had elapsed after the death of insured, or that there had been some Court adjudication as to whom the proceeds should be paid.

It has been held in some of the cases that the payment by the insurance company of the proceeds of the policy into Court is a waiver of the condition as to change of beneficiary. This does not appear to me to be sound except as to the insurance company; it may waive a provision in its favor, but what right has it to waive a right of the beneficiary?

It is a perfectly natural thing for the insurance company to do, by interpleader, when two parties are contending; it admits that one party or the other is entitled to the fund and asks leave of the Court to pay the money into Court, be discharged, and the contending parties left to fight it out.

In *Hull v. Brotherhood of American Yeomen,* 199 Iowa, 356, 202 N. W., 6, it was held, quoting syllabus: "Where life insurance certificate provides method for changing beneficiary, insured may not designate or appoint by will a beneficiary different than that named in certificate.

In *Grand Lodge of A. O. U. W. of Maine v. Martin,* 118 Me., 409, 108 A., 355, 356, the Court said:

"The attorney for Forest L. Martin contends that the requirement of the by-laws that the revocation and direction must be in the presence of the recorder is solely for the benefit of the corporation, and that failure to conform to it is not available to any other party. While there are cases sustaining this contention, the preponderance of authority and the better reasoning is to the contrary.

"A provision contained in a beneficiary certificate, prescribing that a substitution must be made in the presence of a designated official, is a material and substantial requirement, without conformity to which, or waiver by the member during his lifetime, no substitution can be legally effected. *Abbott v. United Order of Pilgrim Fathers,* 190 Mass., 67, 76 N. E., 234; (National) *Mutual Aid Soc. v. Lupold,* 101 Pa., 118; *Grand Lodge v. Connolly,* 58 N. J. Eq., 180, 43 A., 286."

In *Pilcher v. Puckett,* 77 Kan., 284, 94 P., 132, 17 L. R. A. (N. S.), 1083, it was held, quoting syllabus: "A member of a mutual benefit society who is the holder of insurance therein has no interest in the certificate which can be disposed of by will. And where the rules * * * of the order and the contract of insurance provide a method by which a change of beneficiary may be made by the member that method must be followed, and a testamentary direction will be held ineffectual."

If the insured may bequeath the proceeds of insurance (which are payable upon the face of the policy to a designated beneficiary) to one not named in the policy, and thus conform to the provision authorizing a change of bene-

ficiary, I see no reason why he could not revoke the designation and make them payable to his executor. In such event, they would be subject to the testator's debts. I apprehend that under such circumstances there would be slight chance of success by the creditors.

My conclusion is that the insured had no right to divert the proceeds of policies A and B from Mrs. Stroman, as his will did not evince a disposition to change the beneficiary in these policies, and that, if it did, it did not conform to the regulation in the policies as to a change of the beneficiary; that he had no right to interfere with the right of Mrs. Stroman to receive the proceeds of policy C; and as a consequence the entire proceeds of all three policies belong to Mrs. Stroman, and are subject to the payment of the judgments against her proved in this case, subject to a personal exemption of $500.00.

The judgment of the lower Court is reversed, and the case remanded to that Court for further proceedings consistent with this opinion.

MR. JUSTICE STABLER: I concur in the result of the opinion of MR. JUSTICE COTHRAN upon the following ground: While we have no South Carolina case directly in point, the tendency of our decisions is to the effect that, where a policy of insurance prescribes a method or plan for the changing of the beneficiary, there must be, at least, a substantial compliance therewith. *Hunter v. Hunter,* 100 S. C., 517, 84 S. E., 180. What the testator here attempted to do cannot be regarded as such a compliance.

MR. JUSTICE BONHAM concurs.

MR. ACTING ASSOCIATE JUSTICE R. E. WHITING (dissenting): The exact point is not involved in any case that has been heretofore passed upon by this Court; but the principles applicable, and which, it seems to me should be regarded as controlling, are settled by the decisions in *Hunter v. Hunter,* 100 S. C., 517, 84 S. E., 180, and *Antley*

*v. New York Life Insurance Co.,* 139 S. C., 23, 137 S. E., 199, 60 A. L. R., 184.

In *Hunter v. Hunter, supra,* the statute (Section 4151, Civ. Code of 1922), relating to the payment of death benefits by fraternal benefit associations, contained provisions giving each insured member "the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the association, and no beneficiary shall have or obtain any vested interest in the said benefit until the same has become due and payable upon the death of said member." Since there was no provision in either the statute or the policy or the regulations of the association for the change of the beneficiary by the will of the insured member, the question was whether the widow of the insured, as being the first named of a designated class of beneficiaries, would be entitled to the proceeds of the insurance against the claim of the mother of the insured, also a member of the designated class, where the mother's claim to take the proceeds was based on a will in which the insured, in his last moments, had undertaken to name her as sole beneficiary under the policy.

The decision, sustaining the mother's claim that she was made the sole beneficiary by the will, was justified, because, under the provisions governing the payment of the benefit, a vested right in the policy could not exist, since such provisions permitted the insured to change the beneficiary by designating any person within the class of beneficiaries permitted by the statute. In the *Hunter case,* just as in the case at bar, the provisions governing the insurance, while reserving the right of the insurer to make the change of beneficiary, were altogether silent as to the right to make the change by will. In the *Hunter case,* just as in the case at bar, the control of the insured over the policy was exercised by an appointment, or designation of beneficiary, made in writing, which was intended to be effective as a will, but which was not communicated to the insurance company until after the death of the insured.

The reason of decision in the *Hunter case* is wholly consistent with the statement of law made in *Antley v. Life Insurance Co.,* 139 S. C., at page 27, 137 S. E., 199, 200, 60 A. L. R., 184, cited and approved in *Harper v. Insurance Co.,* 153 S. C., 478, 486, 151 S. E., 60, that, where the right to change the beneficiary is not reserved to the insured, "the beneficiary, upon the issuance of the policy, acquires a vested interest in the proceeds of the insurance when available according to the terms of the policy, which cannot be divested by any act of the insured." The next fundamental proposition determined by the Antley opinion, and the one especially important to the present consideration, was that, under provisions reserving to the insured the right to change the beneficiary at will, the beneficiary named upon the issuance of the policy does not acquire a vested right in the proceeds of the insurance, but only an expectancy. In this. holding the opinion followed *Bost v. Insurance Co.,* 114 S. C., 405, 103 S. E., 771, 772, where it was declared that "under the provisions of the policy the insured had the right to act with the policy as he saw fit \* \* \* to change the beneficiary without her consent and to enjoy every benefit given him under the policy." The citation from *Mutual Ben. Life Insurance Co. v. Swett* (C. C. A.) 222 F., 200, 205, Ann. Cas. 1917-B, 298—one of the many leading cases to similar effect analyzed in the opinion—expresses the same thought by saying that the control of the insured over the policy "was, subject to its items, as complete as if he himself had been the beneficiary."

It was upon this sound ground of reasoning and supporting authorities that the Court, speaking through Mr. Justice Cothran in deciding the *Antley case,* made the declaration "that the Holder (77 S. C., 299, 57 S. E., 853), Deal (87 S. C., 395, 69 S. E., 886, Ann Cas. 1912-B, 1142), Taff (114 S. C., 306, 103 S. E., 551), Brown (114 S. C., 202, 103 S. E., 555), and Barron (131 S. C., 441, 128 S. E., 414) cases, so far as they are not consistent with the con-

clusions herein announced, can no longer be considered authority." The only possible ground of differentiation from the *Antley case* is that suggested in the comment made in the Antley opinion that the result in *Barron v. Bank,* 131 S. C., 443, 128 S. E., 414, may perhaps be sustainable "upon the ground that the assignment was not effected in that case, in the mode prescribed in the policy, *though we are not to be understood as so deciding,* as many respectable authorities hold that the form of the assignment is designed solely for the protection of the company."

A case almost identical with the case at bar is found in *Arrington v. Grand Lodge of Brotherhood of Railroad Trainmen* (C. C. A. 5th Circuit), 21 F. (2d), 914, 916, where it was held that a provision in the constitution of the benefit association requiring change of the beneficiary to be effected as prescribed therein was for the benefit of the insurer alone. The constitution of the brotherhood contained the following provision: "Any member desiring to transfer his beneficiary certificate shall fill out the printed transfer on the certificate and sign his name thereto, and send the same to the general secretary and treasurer, through the secretary of a lodge of the brotherhood. All transfers of beneficiary certificates shall be made upon the books of the Grand Lodge under the direction of the general secretary and treasurer, and any and all transfers made in any other manner shall be null and void."

When the benefit certificate was issued, the insured had his sister named as the beneficiary. Subsequently, he married. Receiving fatal injuries in a railroad wreck, he signed an informally prepared praper, intended as a will and subsequently probated as such, stating that he wanted his wife to have the insurance made to his sister. The widow claimed the insurance. The brotherhood filed its bill of interpleader in Court, and paid the money into Court. The sister of the insured claimed as the beneficiary in the certificate, and averred that her interest thereunder had never been legally

divested. The decree of the district Court sustained the claim of the widow. The Circuit Court of Appeals, affirming the decree, said:

"Under provisions of the brotherhood's constitution, as between the insured and his sister, the former had the right to terminate the latter's interest without her consent or notice to her, as the sister, being a mere volunteer beneficiary, had no vested right in the proceeds of the certificate prior to the insured's death, and the only limitation on the insured's right to change the beneficiary was contained in the quoted provision as to the manner of effecting such change. *Royal Arcanum v. Riley,* 143 Ga., 75, 84 S. E., 428. The just mentioned provision was a matter entirely between the insurer and the insured, and was for the benefit of the insurer alone. If the insurer chose to waive or not insist on an objection to the sufficiency of the act of the insured manifesting his intention to change the beneficiary, based on a non-compliance with a requirement prescribed for its sole benefit, an objection on that ground was not available in favor of the original beneficiary. No one other than the insurer had the right to question the sufficiency of the above set out instrument to effect a change of beneficiary, on the ground of noncompliance with the provision as to the method of effecting such change. Subject only to the right of the insurer to insist on compliance with the provision of its constitution as to the manner of effecting such change, such change could be effected by parol or by a written instrument manifesting the insured's intention to change the beneficiary. *Nally v. Nally,* 74 Ga., 669, 675, 58 Am. Rep., 458.

"The above set out instrument plainly shows that the insured intended thereby to substitute his wife in place of his sister as the beneficiary of the certificate referred to. The absence of any intention of the insurer to question the sufficiency of that instrument to effect a change of beneficiary was manifested by its paying the money into Court and expressing a willingness that it be paid to either of the

claimants. *Dell v. Varnedoe,* 148 Ga., 91, 95 S. E., 977. We conclude that, in the absence of any objection by the insurer as to the manner of effecting a change of beneficiary, the above set out instrument was effective to accomplish that result."

The same principle is even more clearly applicable under the policy provision involved in the present case, under which the right was retained by the insured to have the designated beneficiary changed "at any time while this policy is in force and not assigned, upon the return of the policy with the insured's written request for appropriate endorsement of the policy by the company." This provision clearly evidenced the intent of both the insurer and the insured that (as expressed by Mr. Justice Watts in *Bost v. Insurance Company,* 114 S. C., page 409, 103 S. E., 771, 772), *"under the provisions of the policy the insured had the right to act with the policy as he saw fit * * * to change the beneficiary without her consent and to enjoy every benefit given him under the policy."* (Italics mine.) The contract made by the policy of insurance should, therefore, it seems to me, be regarded as one existing solely between the insurer and the insured to the end that the desires of the insured—if expressed in such manner as to afford adequate protection for making a payment—should be carried out by the insurer.

The extensive note in 43 A. L. R., 573, citing many supporting authorities from a large number of jurisdictions, states that, "as a general rule, the proceeds of an ordinary life insurance policy, payable to insured's 'estate,' or, what is equivalent, to himself, or to his executors, administrators, or assigns, are subject to testamentary disposition by him, the same as other property." An expectant beneficiary designated under the policy whose rights may be cut off by the act of the insured occupies essentially the same position as the expectant legal representative of the insured whose rights, if not cut off by the acts of the insured, are estab-

lished by statutory provision. In either case there seems no sound reason for withholding from the insured the right to make testamentary disposition of the proceeds of such of his life insurance policies as are subject to his control.

It is unquestioned that the two policies for $1,500.00 and $1,000.00, respectively, designated in the majority opinion as policies A and B, were in force and not assigned when Stroman made his will. The provisions of the will may quite properly be regarded, to my mind, as constituting the insured's written request, solemnly expressive of his wishes in regard to insurance policies A and B over which he had retained the right of control. The insurance company, by paying the proceeds of the insurance into Court and manifesting its willingness that such proceeds be paid to either of the claimants, has relieved the case from any question of possible objection on its part as to the manner of effecting the change of beneficiary. The only question remaining is as to the proper construction of the will; and its provisions should be given effect as far as possible, keeping in mind, however, the fact that one of the policies— the one designated in the majority opinion as policy C— did not contain any provision reserving to the insured the right to change the beneficiary, and was not therefore subject to his testamentary disposition.

The views hereinabove expressed were originally written as the leading opinion, but did not meet with the approval of the majority of the Court, and hence become the writer's dissenting opinion.

Mr. Justice Carter concurs.